STATE OF NEBRASKA, APPELLEE, v. SAM FRANDSEN, APPELLANT.

260 N. W. 2d 206

Filed December 7, 1977.   No. 41400.

Herbert M. Sampson, III, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The defendant was convicted in the county court of petit larceny, sentenced to 30 days imprisonment in the county jail, and ordered to make restitution in the amount of $200.   Upon appeal to the District Court the judgment was affirmed.   The defendant has now appealed to this court.   The assignments of error relate to the sufficiency of the evidence to support the judgment, the overruling of the defendant's

motion for a mistrial, the instructions to the jury, and the alleged excessiveness of the sentence.

On February 19, 1976, the defendant was employed as a safety patrolman and was stationed at a traffic check point 1 mile north of Rushville, Nebraska. Pedro Hernandez was stopped by the defendant and arrested for failure to have a driver's license. Hernandez was then taken back to Rushville by the defendant and placed in the county jail. The truck Hernandez had been driving was owned by Emerson Stone, the employer of Hernandez. The truck was towed to Rushville and held there until the next day. When Stone reclaimed the truck, a rifle owned by Hernandez was missing. On February 22, 1976, the rifle was discovered on the hood of an automobile just outside the sheriff's office in Rushville. The rifle was wrapped in a blanket that was traced to the defendant.

Several days after the rifle had disappeared from the truck, James Besaw, another state patrolman, saw the missing gun at the defendant's home. The defendant had locked the truck when he and Hernandez left the scene of the arrest. The defendant denied that there was a rifle in the truck at that time and produced another rifle which he claimed Besaw had seen at his home.

The evidence was in conflict and to some extent circumstantial. The evidence of the State, however, was substantial and sufficient if believed to sustain a finding of guilty beyond a reasonable doubt. The defendant's contention to the contrary is without merit.

During the cross-examination of Stone the following occurred: "Q. Now, on Monday, February 26, 1976 — or, it was on February 23rd, pardon me. Did you come to Rushville, Nebraska? A. If that's the date that Pete was supposed to take his polygraph test, I — MR. SAMPSON: Moved from this trial, Your Honor. I object. THE COURT: Overruled. Objection sustained. Jury is directed to disregard

that last comment from the witness. Go ahead." The reference to the polygraph test to be taken by Hernandez was volunteered by the witness and was not responsive to the question asked. The trial court properly sustained the defendant's objection and ordered the jury to disregard the comment of the witness. There was no misconduct on the part of the county attorney and such incidents happen occasionally in the most carefully conducted trials. We find no error in the ruling of the county judge.

The defendant requested that the jury be instructed concerning the authority of a law enforcement officer to arrest and detain a traffic violator. The requested instruction did not relate to any issue in the case and was properly refused by the county judge.

The jury was instructed that a material element of the offense was that the defendant stole "property of value." This was a correct statement of the law so far as the offense of petit larceny was concerned but did not comply with section 29-2026.01, R. R. S. 1943, which provides that in a larceny case the jury "shall ascertain and declare in its verdict the value of the property stolen." The error was harmless so far as the finding of guilty was concerned. See State v. Schumacher, 184 Neb. 653, 171 N. W. 2d 181.

Upon appeal the District Court attempted to cure the error by finding that the property stolen had a value of $100. The review in the District Court, however, is limited to a consideration of errors in the record and is not a trial de novo. See State v. Smith, *ante* p. 368, 259 N. W. 2d 16.

A specific finding of value in a petit larceny case is important only so far as restitution is concerned. The order directing the defendant to make restitution in the amount of $200 is therefore vacated.

With regard to the sentence imposed in this case we find it was not excessive under the circumstances. The defendant's status as a law enforcement officer at the time of the offense was an aggra-

vating circumstance. It was within the discretion of the trial court to determine that a lesser sentence would have tendered to depreciate the seriousness of the offense.

The order that the defendant make restitution in the amount of $200 is vacated. The judgment of the District Court in all other respects is affirmed.

AFFIRMED AS MODIFIED.