## State of Vermont v. Francis X. Dacey

[418 A.2d 856]

No. 166-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 27, 1980

Motion for Reargument Denied August 6, 1980

*M. Jerome Diamond,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Daniel Albert,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Daley, J.** This is an appeal from a judgment entered upon a guilty verdict for the offense of operating a motor vehicle on a highway while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). On the night of September 30, 1978, the defendant, a truck driver, departed from his home in Somerville, Massachusetts, en route to Stanhope, Quebec. At about 3:30 A.M., October 1, when the defendant pulled off Route 18 to fix his signal flasher, his tractor-trailer rig got mired in the highway's soft shoulder, and it was not towed out until roughly 6:30 A.M. Defendant continued his journey until, at about 8 A.M., he went off Route 5 at Benedict Corners on the northern edge of St. Johnsbury. A state police officer was called, and, after measuring the accident scene and observing the defendant's behavior, the officer decided to process defendant for driving under the influence.

According to the defendant, immediately after the accident a passer-by stopped and offered him "a couple of shots" of

liquor to calm his nerves, which he accepted. The officer testified, however, that the defendant told him that he had not had anything to drink since the accident. Two samples of the defendant's breath taken at about 9:15 A.M. revealed that, at the time of testing, defendant had an average blood-alcohol content of .23% by weight.

Our statute governing the effect of blood-alcohol test evidence provides, in part:

> (a) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by a person while operating, attempting to operate or in actual physical control of a vehicle on a highway, the amount of alcohol in the person's blood . . . at the time alleged as shown by chemical analysis of the person's blood or breath shall give rise to the following presumptions:
>
> . . . .
>
> (3) If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood . . . , as shown by chemical analysis of the person's blood or breath, it shall be presumed that the person was under the influence of intoxicating liquor in violation of section 1201(a)(2) or (3) of this title.
>
> . . . .
>
> (c) The foregoing provisions shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor . . . .

23 V.S.A. § 1204.

On the basis of this statute, the court charged the jury as follows:

> You should apply the statutory presumptions concerning intoxication, which I'll presently explain, only if you find the chemical analysis conducted in this case to be accurate and trustworthy.
>
> Now, Title 23 Vermont Statutes Annotated section number 1204(a)(3), provides in part as follows: [reads statute].

This presumption, however, is a presumption of fact only. It is not a presumption of guilt. The defendant retains his presumption of innocence throughout this trial, and is at liberty to introduce evidence in an effort to show that in spite of the breath test, he was not under the influence.

If testimony of the defendant and his witnesses fairly and reasonably tends to show that he was not under the influence at the time in question, the statutory presumption disappears, and is of no further effect.

In other words, the State has the benefit of the presumption that a breath test of more than point one zero, by weight, means that the defendant was under the influence of intoxicating liquor.

If you do not believe the testimony of the defendant, introduced to rebut this presumption, the presumption stands. If you find the test valid in all respects, if you believe that the defendant was not under the influence, however, the presumption disappears and you'll find him not guilty. It is for you to consider all the evidence introduced on this question, and give it just such weight as you think it is fairly entitled to receive.

■ On appeal, defendant makes three arguments: first, that § 1204 (a) (3) creates a mandatory presumption that was erroneously placed before the jury; second, that under the circumstances of this case, in which defendant testified that he drank after he stopped driving, the presumption lacks a rational connection between its basic fact and its presumed fact; and third, that this instruction unconstitutionally shifted the burden of persuasion to the defendant. Our view of the effect of § 1204 (a) (3) makes in-depth consideration of these arguments unnecessary, however, because we find that § 1204 (a) (3) creates a permissive inference, not a mandatory presumption.

■ The general term "presumption" has been used to describe various evidentiary devices, the most common of which are mandatory presumptions and permissive inferences. A mandatory presumption shifts to the party against whom it operates either the burden of producing evidence or the

burden of persuasion, and if that party fails to satisfy this burden, the trier of fact must accept the presumed fact provided it finds the basic fact. A permissive inference, on the other hand, shifts no burden to the opposing party, and merely allows the trier of fact to find the inferred fact from the basic fact. See *Sandstrom* v. *Montana*, 442 U.S. 510, 514–24 (1979); *County Court* v. *Allen*, 442 U.S. 140, 157–59 n.16 (1979); *State* v. *Hansen*, 203 N.W.2d 216, 219 (Iowa 1972); *Commonwealth* v. *DiFrancesco*, 458 Pa. 188, 193 n.3, 329 A.2d 204, 207–08 n.3 (1974). In this, a criminal case, the requirement that the State prove every element beyond a reasonable doubt, and the so-called presumption of innocence[1] forbid shifting the burden of persuasion on an essential element to the defendant. *Sandstrom* v. *Montana, supra*, 442 U.S. at 524; *Mullaney* v. *Wilbur*, 421 U.S. 684, 701 (1975); accord, *State* v. *Gokey*, 136 Vt. 33, 38, 383 A.2d 601, 604 (1978). While we are not prepared to say that shifting the burden of producing evidence is similarly proscribed, we note that there is significant disagreement on the question. Compare, e.g., *State* v. *Hansen, supra*, 203 N.W.2d at 220–22; *Commonwealth* v. *DiFrancesco, supra;* C. McCormick, Handbook of the Law of Evidence § 346 (2d ed. 1972), with *Barnes* v. *United States*, 412 U.S. 837, 846 n.11 (1973); *Evans* v. *State*, 28 Md. App. 640, 724, 349 A.2d 300, 351 (1975). See generally Comment, 58 Or. L. Rev. 98, 106–10 (1979). This in itself counsels against giving this statute the effect of a true mandatory presumption, subject to the Thayer-Wigmore "bursting bubble" rule discussed in *Tyrrell* v. *Prudential Insurance Co. of America*, 109 Vt. 6, 22–25, 192 A. 184, 191–93, 115 A.L.R. 392, 402–04 (1937). But, on more practical grounds, we are concerned that by construing this statute as a presumption, subject to being removed from the case by some small quantum of rebuttal evidence, *Tyrrell* v. *Prudential Insurance Co. of America, supra*, 109 Vt. at 23–24, 192 A. at 192, 115 A.L.R. at 403, we would frustrate the legislature's purpose in establishing a standard

---

[1] The presumption of innocence has been said to be not a true presumption at all, but a substantive rule of law that allocates the burden of proof. C. McCormick, Handbook of the Law of Evidence § 342, at 805–06 (2d ed. 1972); IX J. Wigmore, A Treatise on the Anglo-American System of Evidence § 2498a, at 336 (3d ed. 1940).

for the effect of blood-alcohol evidence. The standard set by § 1204(a)(3) was based on the Uniform Vehicle Code, § 11.902 (rev. ed. 1968), and on scientific evidence, see *Records of Committee Meetings, House Judiciary Committee,* March 12, 17, & 19, 1970. See generally I R. Erwin, Defense of Drunk Driving Cases § 14.02[3]–[5]·[f] (3d ed. 1979). With the sanction of the legislature behind it, this standard ought not to be dispelled from the arena by the simple expedient of some slight rebuttal evidence. If it could be, it would be a rare D.W.I. prosecution in which the permissive inference based on this standard would actually go to the jury.

We recognize that previously we have treated § 1204(a)(3) as creating a Thayer-Wigmore presumption. *State* v. *Adams,* 131 Vt. 413, 306 A.2d 92 (1973); *State* v. *Bessette,* 130 Vt. 438, 296 A.2d 179 (1972); *State* v. *Brown,* 125 Vt. 58, 209 A.2d 324 (1965). Nonetheless, we are now persuaded to rescue this legislative standard from the " 'welter of loose language and discordant decisions' " engendered by the niceties of burden-shifting presumptions. *Tyrrell* v. *Prudential Insurance Co. of America, supra,* 109 Vt. at 22, 192 A. at 191, 115 A.L.R. at 402 (quoting *Watkins* v. *Prudential Insurance Co. of America,* 315 Pa. 497, 507, 173 A. 644, 649, 95 A.L.R. 869, 875 (1934)). We therefore hold that § 1204(a)(3) creates a permissive inference, shifts no burden to the defendant, and *permits but does not compel* a jury finding that defendant was under the influence of intoxicating liquor while operating a motor vehicle upon proof of .10% or more blood-alcohol content by weight at the time of operation. See *State* v. *Hansen, supra,* 203 N.W.2d at 219; *State* v. *Lebreton,* 364 A.2d 645, 646–48 (Me. 1976); *State* v. *Cooke,* 270 N.C. 644, 650, 155 S.E.2d 165, 169 (1967); *Commonwealth* v. *DiFrancesco, supra,* 458 Pa. at 200, 329 A.2d at 211. To the extent *Adams, Bessette,* and *Brown, supra,* are to the contrary, they are overruled.

■ Tested against this rule the charge in this case is not supportable. The frequent references to "presumption," the reading of the statute's mandatory language, and the statement that the State enjoys a presumption that .10% "means that the defendant was under the influence of intoxicating liquor," could only have misled the jury into believing that they had to find defendant to be under the influence if they

believed the blood-alcohol test evidence. Furthermore, the instruction had the effect of placing at least the burden of producing evidence on the defendant. Although the statute certainly allows the defendant to introduce evidence, 23 V.S.A. § 1204 (c), we do not read it to compel him to do so. Regardless of whether defendant has produced evidence, it is up to the jury to decide whether the defendant had .10% or more blood-alcohol content by weight at the time of operation, and whether to accept or reject the conclusion that defendant was under the influence of intoxicating liquor.

Although what we have said above is sufficient for reversal, we add the following because of the possibility of retrial. The inference of § 1204 (a) (3) is an inference that the defendant was under the influence *at the time of operation,* and therefore, to meet the rational connection test of *Tot* v. *United States,* 319 U.S. 463 (1943), it can only be based on evidence of defendant's blood-alcohol content *at the time of operation.* This is the meaning of the words "at that time" in § 1204 (a) (3). See *Jackson* v. *City of Roanoke,* 210 Va. 659, 662, 173 S.E.2d 836, 838 (1970). Therefore, for the inference to be raised properly, there must be expert testimony relating the blood-alcohol test results back to the time of operation. In this case, the test results were not related back, and therefore, even had the inference been charged properly, there was no basis for the charge.

*Reversed and remanded.*

## On Motion for Reargument

**Per Curiam.** By a motion for reargument, the State claims that this Court has ruled that blood-alcohol test results are inadmissible unless expert testimony relates the test result back to the time of operation. To make this claim, the State takes language out of context. The complete sentence complained of reads: "Therefore, *for the inference to be raised properly,* there must be expert testimony relating the blood-alcohol test results back to the time of operation." (Emphasis added.) It is obvious that we have not ruled blood-alcohol test results inadmissible if otherwise relevant. We have simply ruled that, if the State wishes to take advantage of the infer-

ence created by 23 V.S.A. § 1204(a)(3), it must use expert testimony to relate the test results back to the time of operation.

*Motion for reargument denied.*