## State of Vermont v. Paul R. White

[421 A.2d 1283]

No. 141-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 8, 1980

*Mark J. Keller,* Chittenden County State's Attorney, and *Sandra L. Baird* and *Susan R. Via,* Deputy State's Attorneys, Burlington, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Daniel Albert,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Per Curiam.** This is an appeal from a conviction for operating a motor vehicle while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). Evidence of a blood-alcohol content of .16% by weight at the time of testing was introduced, and related back to the time of operation. This triggered the operation of 23 V.S.A. § 1204(a)(3), which allows the jury to find that the defendant was under the influence at the time of operation upon proof of .10% blood-alcohol con-

tent by weight at that time. *State* v. *Dacey*, 138 Vt. 491, 418 A.2d 856 (1980). The court, however, erred in its instructions to the jury by giving § 1204(a)(3) the effect of a burden-shifting presumption, rather than a permissive inference. Accordingly, our decision in *State* v. *Dacey, supra,* requires reversal.

Because we are reversing, the other claims of error raised by the defendant need not be addressed.

*Reversed and remanded.*