**Charles G. COPELIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5453.**

Court of Appeals of Alaska.

Oct. 15, 1981.

---

Daniel W. Westerburg, Birch, Horton, Bittner, Monroe, Pestinger & Anderson, Anchorage, for appellant.

Elizabeth H. Sheley, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Copelin appealed his district court OMVI conviction to the superior court where it was affirmed, and he renews his appeal in this court. He alleges that the trial court erred: (1) in failing to suppress videotape evidence taken after his request for an opportunity to telephone counsel was refused, and (2) in considering past refusals to take breathalyzer tests in imposing sentence. We find these contentions controlled by prior decisions of our supreme court. In light of such authority, we conclude that there was no error, and we therefore affirm.

A suspect has no constitutional right to contact or consult an attorney before: (1) submitting to field sobriety tests, including videotaping, or (2) determining whether or not to submit to a breathalyzer or blood test. *Anchorage v. Geber*, 592 P.2d 1187 (Alaska 1979).[1]

Copelin's reliance on AS 12.25.-150(b)[2] is misplaced. That section permits one detained to contact counsel or a friend to arrange bail or legal representation; it was not designed as a vehicle for securing immediate legal advice. *See Eben v. State*, 599 P.2d 700, 709 n.27 (Alaska 1979). We conclude that any consultation rights Copelin had under AS 12.25.150(b) did not arise until after completion of the field and sta-

---

1. In *Graham v. State*, 633 P.2d 211 (Alaska, 1981), the supreme court in a split decision *affirmed a summary revocation of Graham's operator's license based on her refusal* to submit to a breathalyzer examination and both majority and minority assumed no right to consult counsel prior to deciding whether to submit to a breathalyzer exam. We believe that the clear tenor of that opinion supports our conclusion here.

2. AS 12.25.150(b) provides:
    Immediately after an arrest, a prisoner shall have the right to telephone or otherwise communicate with his attorney and any relative or friend, and any attorney at law entitled to practice in the courts of Alaska shall, at the request of the prisoner or any relative or friends of the prisoner, have the right to immediately visit the person arrested.

tion sobriety tests, including the videotaping thereof.

Finally, we find no error in the trial judge's consideration of Copelin's prior OMVI arrests and his consistent refusal to submit to breathalyzer tests since the attendant circumstances were verified and Copelin was given an opportunity to rebut. *Nukapigak v. State*, 562 P.2d 697 (Alaska 1977), *aff'd on rehearing*, 576 P.2d 982 (Alaska 1978). We believe *Puller v. Municipality of Anchorage*, 574 P.2d 1285 (Alaska 1978), is distinguishable. There the court precluded use of a defendant's refusal to submit to a breathalyzer test as evidence of guilt at trial based on statutory construction. Subsequently, the legislature modified the statute to unequivocally permit use of a refusal to take the breathalyzer as evidence of guilt. *A fortiori*, we believe it can be considered at sentencing.[3]

The judgment of the superior court affirming the judgment of the district court is AFFIRMED.

---

**3.** Judge Singleton concurs, stating,

I believe *Geber* and *Eben* are distinguishable and I would be prepared to dissent in reliance on, *inter alia*, *Prideaux v. State*, 310 Minn. 405, 247 N.W.2d 385, 391–94 (1976); *Spradling v. Deimeke*, 528 S.W.2d 759, 764–65 (Mo.1975); *Siegwald v. Curry*, 40 Ohio App.2d 313, 319 N.E.2d 381, 384–88 (1974);

*State v. Fitzsimmons*, 610 P.2d 893 (1980), U.S. *app. pending*, 93 Wash.2d 436; and *see People v. Gursey*, 22 N.Y.2d 224, 292 N.Y. S.2d 416, 418, 239 N.E.2d 351, 353 (1968), but for *Graham v. State*, 633 P.2d 211, (Alaska, 1981), wherein both the majority and minority, albeit in *dicta*, appear to read *Geber* and *Eben* as does the majority here.