STATE OF NEBRASKA, APPELLEE, v. LESTER REDDING,
ALSO KNOWN AS JACK JOHNSON, APPELLANT.
331 N.W.2d 811

Filed April 1, 1983. No. 82-168.

Dennis R. Keefe, Lancaster County Public Defender, and Sean J. Brennan, for appellant.

Paul L. Douglas, Attorney General, and Martel J. Bundy, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and WARREN, D.J.

HASTINGS, J.

The defendant, Lester Redding, following a jury trial, was convicted of the offense of attempted theft by deception of property of the value of more than $1,000, a violation of Neb. Rev. Stat. §§ 28-512 et seq.

(Reissue 1979), and a Class IV felony. He has appealed to this court and has assigned but two errors, which can be restated as follows: That the court failed to include in its instructions that the value of the property stolen was an essential element of the crime and therefore required proof beyond a reasonable doubt. He makes no complaint of the jury's finding that he was guilty of the attempted theft of some property of value.

Section 28-512 provides in part that "A person commits theft if he obtains property of another by deception. . . ." Section 28-518 provides that "(1) Theft constitutes a Class III felony when the value of the thing involved is over one thousand dollars." Neb. Rev. Stat. § 28-201(1) (Reissue 1979) states that a person is guilty of an attempt to commit a crime if he "(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime." Section 28-201(4) provides that criminal attempt is a Class IV felony when the crime attempted is a Class III felony. The penalty imposed in this case, imprisonment of from 20 months to 4 years, was within the statutory limits for a Class IV felony.

Although the evidence necessary to support a conviction of theft of property of value is not contested, it is necessary to set forth some of the facts in order to resolve the legal problem presented.

On June 8, 1981, the victim met the defendant and what turned out to be two of his accomplices under somewhat strange, albeit apparently planned, circumstances. The victim was enticed into a three-card shell or shill game, into the "pot" of which game he had placed his watch, ring, and billfold, worth approximately $234. He lost that game to the defendant. He was given a chance to win back his property in a game which the defendant insisted be played for $15,000. The victim won. However, as the defendant started to pay off, he suddenly chal-

lenged whether the victim could have paid off had he lost, and eventually insisted that the victim obtain $12,000 in cash and show it. Leaving his property, which was a part of the "pot," with the defendant's female accomplice, the victim and the second accomplice went to a downtown financial institution. While there, the victim actually took out a loan of $12,000 and a draft to his order was actually issued, although the victim did not take it with him. He did ask to use a phone, dialed 911, asked that the authorities be notified of the circumstances of the apparent confidence game, and requested that the police be notified that he was returning to the parking lot on the edge of town where the "action" was taking place. He then returned to the parking lot with the one accomplice and they were reunited with the defendant and the other accomplice. Immediately thereafter, the police arrived and the three took off in different directions, but were all arrested. The red handkerchief containing the victim's property, as well as a large amount of currency which the defendant had placed in the "pot," was found by a police officer underneath a car several stalls down from the victim's vehicle and on the route of escape that the female accomplice had attempted.

The principal complaint of the defendant involves the giving of instruction No. 5. By that instruction the court informed the jury as follows: "The *material elements* which the state must prove by evidence beyond a reasonable doubt in order to convict the defendant of the crime charged are:

"1. That the defendant intentionally engaged in conduct which, under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in his commission of the crime of theft by deception.

"2. That defendant did attempt to steal by deception money or property of value belonging to [the victim].

"3. That he did so on or about the 8th day of June, 1981, in Lancaster County, Nebraska.

"The state has the burden of proving beyond a reasonable doubt each and every one of the *foregoing material elements* necessary for a conviction.

"If you find beyond a reasonable doubt that the defendant is guilty of attempted theft by deception it will be necessary for you to find the value of the money or property attempted to be taken by deception from [the victim], if any.

"If you find from the evidence beyond a reasonable doubt that each of the *foregoing material elements* is true, it is your duty to find the defendant guilty. On the other hand, if you find the state has failed to prove beyond a reasonable doubt any one or more of the *foregoing material elements* it is your duty to find the defendant not guilty.

"The burden of proof is always on the state to prove beyond a reasonable doubt all of the *material elements* of the crime charged, and this burden never shifts." (Emphasis supplied.)

The defendant's counsel objected to the giving of instruction No. 5 in the following manner: "My objection to that instruction, Your Honor, is that the instruction be omitted entirely and in substitute thereof the standard Nebraska Jury Instruction on lesser included crimes to be substituted for this instruction." The court's response was in part as follows: "The jury, however, can determine . . . the value of the items so taken or attempted to be taken. And the Court's position is that the statute on theft by deception or the theft statutes, the crime is the theft. The value that is involved goes to the punishment, and the jury will find under the verdicts [sic] the amount of property taken. And therefore, there is a lesser included offense the way the instructions are structured."

The foregoing objection is not literally in accord with those raised by the defendant in his assignments of error. However, we believe that the trial

court was sufficiently informed of the claimed defect in general so as to have been given the opportunity to remedy any such deficiency if it had felt it necessary to do so. In any event, it is the duty of the trial court to instruct the jury on the correct law of the case whether requested to do so or not. *State v. Duis,* 207 Neb. 851, 301 N.W.2d 587 (1981). The jury returned a verdict of guilty as charged and declared the value of the property to be $12,000. The question on this appeal is whether a specific value of property is a material element of the crime or if it is only a factor going to the classification of the crime for punishment purposes, and in any event what burden of proof must be met by the State to prove such value.

It is readily apparent from an examination of instruction No. 5 that value was not included within the term "material elements," and therefore the jury was never instructed as to what burden of proof must be met in determining such value.

Prior to the adoption of the present Nebraska Criminal Code there were two "grades" of larceny: grand larceny and petit larceny. Neb. Rev. Stat. § 28-506 (Reissue 1975) provided in part that "Whoever steals . . . goods . . . the property of another, of the value of three hundred dollars or upwards . . . shall, upon conviction thereof, be imprisoned . . . not more than seven years . . . ." Petit larceny was defined by Neb. Rev. Stat. § 28-512 (Reissue 1975) in part: "(1) If any person shall steal any . . . goods . . . of less value than three hundred dollars, the property of another, . . . upon conviction . . . shall be punished by imprisonment in the county jail not more than six months . . . ." In *State v. Frandsen,* 199 Neb. 546, 260 N.W.2d 206 (1977), we held, in effect, that a material element of a crime of *petit larceny* was that the defendant stole " 'property of value' " without requiring a declaration by the jury of a specific value. Obviously, this was consistent with the then existing statute which required only

that the property stolen be found to be of less value than three hundred dollars. However, in *State v. Hayes,* 187 Neb. 325, 326, 190 N.W.2d 621, 622 (1971), a prosecution for grand larceny, we said: "The value of the goods in question is an essential element of the crime and like all other elements thereof the evidence must be sufficient to support a finding of the necessary value beyond a reasonable doubt."

We presently have four grades of larceny, or theft: Class III felony, Class IV felony, Class I misdemeanor, and Class II misdemeanor, all having common elements except for the value of the goods stolen. § 28-518. We see no reason why the same rationale as that contained in *Frandsen* and *Hayes* should not apply to the present statutes. In other words, if all that is proven beyond a reasonable doubt is that goods of value were stolen, it is a Class II misdemeanor, "the value of the thing involved is one hundred dollars or less." § 28-518(4). On the other hand, to establish a Class III felony, an essential element of the crime is to prove beyond a reasonable doubt that "the value of the thing involved is over one thousand dollars." § 28-518(1). The instruction was clearly incomplete and therefore erroneous.

The question now remaining is whether the giving of such instruction was prejudicial to the rights of the defendant. In *State v. Tamburano,* 201 Neb. 703, 271 N.W.2d 472 (1978), we held that where the State offers uncontroverted testimony on an essential element of a crime, mere speculation that the jury might disbelieve the testimony does not entitle the defendant to an instruction on a lesser-included offense. In that case the defendant was charged with first degree sexual assault, which required proof of penetration. The defendant had insisted that an instruction on second degree sexual assault be given, which only necessitated proof of sexual contact. The only evidence offered on that issue was the testimony of the prosecutrix, who claimed that penetra-

tion was achieved. We went on to say: "Evidence which requires the submission of a lesser-included offense is necessarily left to a case-by-case basis. It is sufficient to say that that evidence does not rise to that required level by speculating that an essential element uncontroverted in the evidence may be disbelieved by the jury." *Id.* at 708, 271 N.W.2d at 475.

The rationale of *Tamburano* is applicable here. The defendant offered no evidence. The testimony of the victim established without question that the ring, watch, and billfold had already been "obtained" by the defendant. The jury determined under proper instructions that beyond a reasonable doubt there had been an attempted theft of property of value. The only evidence relating to such property involved the $12,000 in cash. It would be ludicrous to argue that $12,000 in cash is not a thing of value of "over one thousand dollars." If the uncontroverted evidence supports a finding beyond a reasonable doubt of the attempted theft of but one item of property consisting of cash of a stated amount, the fact that a jury returns a verdict of guilty based upon instructions which failed to include specific value as a material element of the crime is harmless error. The error in the giving of instruction No. 5 was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967), *rehearing denied* 386 U.S. 987, 87 S. Ct. 1283, 18 L. Ed. 2d 241.

The judgment and sentence of the District Court are affirmed.

AFFIRMED.

WHITE, J., dissenting.

The reliance on *State v. Tamburano,* 201 Neb. 703, 271 N.W.2d 472 (1978), by the majority is misplaced. *Tamburano* did not relieve the trial court of its heretofore mandatory duty to instruct the jury that each essential element of a crime must be proven beyond a reasonable doubt. *State v. Hayes,* 187 Neb. 325, 190 N.W.2d 621 (1971). *Tamburano* stands

for the simple principle that if the defendant desires a lesser-included instruction, some evidence must be present in the record tending to show that a lesser crime was in fact committed. We specifically did not deal with burden of proof.

In this case we simply are not able to state the standard by which the jury found that the amount attempted to be stolen was $12,000. In the absence of a specific instruction by the trial court that the standard of proof is beyond a reasonable doubt, the error is obvious and the case must be reversed and remanded.

McCOWN and CAPORALE, JJ., join in this dissent.