## State of Vermont v. Mary Young

[465 A.2d 1375]

No. 82-173

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed September 6, 1983

*Helen V. Torino,* Franklin County Deputy State's Attorney, and *Christopher A. Micciche* (On the Brief), St. Albans, for Plaintiff-Appellee.

*Nicholas L. Hadden* of *John Kissane Associates,* St. Albans, for Defendant-Appellant.

**Peck, J.** Defendant was charged with operating a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201 (a) (2). She was convicted after a jury trial, and now appeals to this Court. We reverse and remand for a new trial.

On appeal defendant contends that the trial court erred in its charge to the jury. Specifically she claims that the court should have used the language of 23 V.S.A. § 1204(a)(1) relating to a presumption that a person is not under the influence if her blood alcohol level is 0.05 or less, rather than the permissive inference of not being under the influence language that the court actually used. We agree.

Briefly stated, the facts are as follows. On October 30, 1981, defendant was stopped for speeding in Fairfax, Vermont. The officer who stopped her noticed empty beer bottles on the floor of the car, smelled an odor of alcohol in the car and on her breath, observed that defendant's eyes were watery and blood-shot, that she used abusive language and was combative. The trooper took defendant to the police barracks and gave her a breath alcohol test. The test was given one hour and fourteen minutes after the initial stop.

At the trial the chemist testified that the test showed defendant had a 0.09 percent blood alcohol content at the time of testing. Relating the test back to the time of operation, the chemist concluded that defendant had a blood alcohol content of 0.11 percent when stopped by the officer. On cross-examination the chemist testified that, assuming defendant had consumed two beers immediately prior to being stopped by the police as she claimed she had, the related-back test could indicate a blood alcohol content of as little as 0.04 percent at the time of operation.

In its charge to the jury the court said:

> [I]f you find at the time the defendant operated the motor vehicle she had a blood alcohol content of .05 percent or less, *you are permitted to infer* that she was not under the influence of intoxicating liquor. If you find that at the time the defendant operated a motor vehicle she had a blood alcohol content of more than .05 percent, but less than .10 percent, such fact shall not permit you to infer that she was or was not under the influence of intoxicating liquor. But such fact may be considered with other competent evidence in determining whether she was under the influence of intoxicating liquor. And if you find at the time the defendant was operating a motor vehicle, she had a blood alcohol content of more than .10 percent, you are

permitted to infer that she was under the influence of intoxicating liquor. (Emphasis added.)

The language used by the court derives from 23 V.S.A. § 1204(a), which provides in relevant part:

[T]he amount of alcohol in the person's blood or breath at the time alleged as shown by analysis of the person's blood or breath shall give rise to the following presumption:

(1) If there was at that time 0.05 percent or less by weight of alcohol in the person's blood or breath, *it shall be presumed* that the person was not under the influence of intoxicating liquor. (Emphasis added.)

23 V.S.A. § 1204(a)(3) contains almost identical language: *"it shall be presumed* that the person was under the influence of intoxicating liquor" if her blood alcohol content was 0.10 percent or more at the time of operation. (Emphasis added.) We have held that this language "creates a permissive inference, shifts no burden to the defendant, and *permits but does not compel* a jury finding that defendant was under the influence of intoxicating liquor while operating a motor vehicle upon proof of .10% or more blood-alcohol content by weight at the time of operation." *State* v. *Dacey,* 138 Vt. 491, 496, 418 A.2d 856, 859 (1980) (emphasis in original). The rationale behind this holding was that a mandatory presumption here would impermissibly act to shift the burden of producing evidence from the State to the defendant, and would mislead the jury into believing that they had to find the defendant guilty if they found a blood alcohol level of 0.10 percent or more.

 These considerations do not apply in the case at bar, however, because the mandatory presumption acts in favor of the defendant rather than against her. The plain language of the statute states clearly that "it shall be presumed that the person was not under the influence" if her blood alcohol content is 0.05 percent or less. This creates a mandatory presumption rather than a permissive inference since, in the absence of compelling reasons to hold otherwise, it will be assumed that the plain and ordinary meaning of statutory language was intended by the legislature. *Stockwell* v. *District Court,* 143 Vt. 45, 49, 460 A.2d 466, 468 (1983). Moreover, "when the meaning of a statute is plain and unambiguous on its face, it must

generally be enforced according to its express terms and there is no need for construction." *Id.*

Here, the plain meaning of the statute creates a mandatory presumption that if the jury found defendant's blood alcohol content to be 0.05 percent or less, they could not find her to be under the influence. It was reversible error for the court to charge the jury otherwise.

Because of our reversal on this ground, we need not reach the other issues defendant has briefed.

*Reversed and remanded for a new trial.*