## State of Vermont v. Nancy J. Gibbons

[503 A.2d 540]

No. 82-485

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 25, 1985

*John A. Rocray*, Windham County State's Attorney, and *Cecelia L. Cunningham*, Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*James W. Stevens*, Brattleboro, for Defendant-Appellant.

**Per Curiam.** Defendant Nancy J. Gibbons, appellant herein, was convicted of operating a motor vehicle on Route 100 while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). She appeals from the judgment of conviction entered by the trial court.

The question presented for our consideration is whether the trial court erred in failing to order disclosure of training materials used by the State chemist and the arresting officer for operation of the breath collector device and gas chromatograph.

Defendant contends that the court's failure to order the State to provide the requested instructional materials prevented her attorney from developing an adequate basis for cross-examination of the State's chemist and the arresting officer.

■ In determining what evidence is favorable to an accused and material to either guilt or punishment, a prudent prosecutor will supply any evidence that is even arguably favorable to the defendant. See *United States* v. *Countryside Farms, Inc.,* 428 F. Supp. 1150, 1154 (D. Utah 1977); see also *State* v. *Bailey,* 144 Vt. 86, 92, 475 A.2d 1045, 1048-49 (1984).

The prosecutor's role passes beyond that of an adversary. He or she is the conscience, not of an ordinary party to a dispute, but of a sovereign "whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger* v. *United States,* 295 U.S. 78, 88 (1935).

■ In *Brady* v. *Maryland,* 373 U.S. 83 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment . . . ." *Id.* at 87. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *United States* v. *Bagley,* ___ U.S. ___, ___, 105 S. Ct. 3375, 3383 (1985) (quoting *Strickland* v. *Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)).

■ In the case at bar, the prosecutor failed to provide, and the trial judge failed to order disclosure of, instructional materials that might have been used to impeach the State's witnesses. This was dancing on the precipice of constitutional error. Impeachment evidence, as well as exculpatory evidence, is under the protective umbrella of *Brady. Id.* at ___, 105 S. Ct. at 3380.

■ The duty of a judicial officer, in ruling on discovery matters, is to ensure that there is no failure to disclose evidence favorable to the accused which would deprive the defendant of a fair trial. In this case, the defendant failed to demonstrate that, had the instructional materials been disclosed to the defense, the result of the proceeding would have been different.

The evidence against the accused was substantial. She was observed operating her motor vehicle left of the center of the highway. When stopped by a police officer, she had difficulty producing her license and registration. Her eyes were red and watery and she gave forth a moderate odor of intoxicating beverage. As defendant got out of her automobile, she stumbled, showing an apparent lack of coordination. In addition, her speech was

slurred. Indeed, at one point, defendant told the police officer that she was under the influence of alcohol.

Based upon our review of the record, we are unable to hold that there was any omission that deprived the defendant of a fair trial. Thus, there was no constitutional violation requiring that the verdict be set aside. See *United States* v. *Agurs*, 427 U.S. 97, 108 (1976).

A prosecutor who withholds evidence demanded by an accused, which, if made available, would tend to impeach the State's witnesses, runs the risk of reversal on appeal and of being the architect of a trial that does not comport with our standards of justice. Affirmance is possible here because even if the requested materials were furnished, there is no reasonable probability that the result of the proceeding would have been different.

*Judgment affirmed.*