### State of Vermont v. Allen A. Lombard

[505 A.2d 1182]

No. 84-276

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 6, 1985

412

*Kevin G. Bradley*, Chittenden County State's Attorney, and *Theresa St. Helaire*, Legal Intern, Burlington, for Plaintiff-Appellee.

*Gary W. Lange, Law Offices of Saul L. Agel*, Burlington, for Defendant-Appellant.

**Hill, J.** Defendant, Allen Lombard, was convicted after a trial by jury of operating under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). He argues on appeal that his conviction should be reversed because (1) the trial court erred in its instructions to the jury; (2) the State violated his constitu-

tional and statutory rights to counsel; (3) the State failed to disclose the identity of witnesses before trial; and (4) field sobriety tests were administered in violation of his Fifth Amendment rights. We reject these arguments and affirm.

On January 29, 1984, defendant was involved in a single car accident in Charlotte. The evidence showed that he operated the vehicle erratically prior to the accident, his breath smelled of alcohol, and he failed to successfully complete three field sobriety tests administered by a state police officer. Defendant submitted to a breath alcohol test. The results of this test, however, were never introduced into evidence.

## I.

Defendant first claims the court erred by refusing to instruct the jury pursuant to 23 V.S.A. § 1204(a)(1) that if it found the defendant's blood alcohol content to be 0.05 or less at the time of operation, it had to find the defendant not guilty. The statute provides in pertinent part that:

> (a) the amount of alcohol in the person's blood or breath at the time alleged . . . shall give rise to the following presumptions:
>
> (1) If there was at that time 0.05 per cent or less by weight of alcohol in the person's blood or breath, it shall be presumed that the person was not under the influence of intoxicating liquor.

23 V.S.A. § 1204.

In *State* v. *Young*, 143 Vt. 413, 416, 465 A.2d 1375, 1376 (1983), this Court held that 23 V.S.A. § 1204(a)(1) creates a mandatory presumption that if the jury found defendant's blood alcohol content to be 0.05 percent or less, they could not find the defendant to be under the influence. In *State* v. *Dacey*, 138 Vt. 491, 497, 418 A.2d 856, 859 (1980), however, we noted that "for the [permissive] inference [under 23 V.S.A. § 1204(a)(3)] to be raised properly, *there must be expert testimony relating the blood-alcohol test results back to the time of operation.*" (Emphasis added). This requirement holds true for the mandatory presumption as well. In this case, the defendant's test results were never even introduced into evidence. Therefore, he cannot

avail himself of the statutory presumption, and the court did not err in refusing to give the requested instruction.

## II.

The defendant next contends that his constitutional and statutory rights to consult with counsel before submitting to a breath test were violated because the arresting offier remained in close proximity and was able to overhear parts of the defendant's conversation with his attorney. The defendant argues that all statements thereafter given should have been suppressed.

■ The defendant's constitutional argument must fail. The Sixth Amendment right to counsel attaches to critical stages of the prosecution to protect the defendant's basic right to a fair trial and to have effective assistance of counsel at the trial itself. *United States* v. *Wade*, 388 U.S. 218, 227 (1967). Applying the critical stage analysis, we are not persuaded that the decision to take or refuse to take a breath test implicates the defendant's right to counsel under the federal constitution. See *State* v. *Welch*, 136 Vt. 442, 445, 394 A.2d 1115, 1116 (1978); accord *Copelin* v. *State*, 635 P.2d 492 (Alaska 1981); *State* v. *Bristor*, 236 Kan. 313, 691 P.2d 1 (1984); *State* v. *Jones*, 457 A.2d 1116 (Me. 1983); *State* v. *Petkus*, 110 N.H. 394, 269 A.2d 123 (1970), *cert. denied*, 402 U.S. 932 (1971); *State* v. *Newton*, 291 Or. 788, 636 P.2d 393 (1981).

First, there is a minimal risk that counsel's absence will affect the defendant's right to a fair trial. In *Wade, supra*, 388 U.S. at 227-28, the United States Supreme Court correctly pointed out that where preparatory steps involving systematized or scientific analysis are involved:

> [k]nowledge of the techniques of science and technology is sufficiently available, and the variables . . . few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts.

*Id.*

Second, it is not until after the State commits itself to a criminal prosecution "that a defendant finds himself . . . immersed in

the intricacies of substantive and procedural criminal law," and it is then that the need for counsel rises to the level of a federal constitutional right. *Kirby* v. *Illinois*, 406 U.S. 682, 689-92 (1972). In a DUI case, this does not occur until after blood-alcohol tests have been administered.

■ The defendant's statutory argument poses a more difficult question. The defendant clearly possesses a statutory right to consult with counsel before taking a breath test. 23 V.S.A. § 1202(c). In *State* v. *Carmody*, 140 Vt. 631, 442 A.2d 1292 (1982), we noted that "[t]he legislature specifically demonstrated its concern that any refusal to be tested not be lightly decided, by providing for counsel and for time for reflection." *Id.* at 636, 442 A.2d at 1295. More importantly, we stated that unauthorized police actions which cloud the voluntary nature of that decision flaw the procedure and require remedial action. *Id.*

In this case, the officer informed the defendant of his right to speak with an attorney before taking the breath test, and the defendant stated that he wished to exercise that right. The officer then drove the defendant to the nearest public phone. The defendant exited the car and called his lawyer. During this phone call the officer remained seated in the police cruiser, which was parked near the phone, and he overheard parts of the defendant's conversation with his attorney.

■ We do not believe that the defendant has sustained his burden of proving a violation of his statutory right to counsel on the facts of this case. First, the officer's continued presence was clearly justified by a legitimate security risk as the defendant in this case had recently left the scene of an accident and he was calling from an outdoor public phone. More importantly, there was no evidence to suggest that the defendant felt inhibited, coerced or restricted in his conversation by the police officer's presence. Nor does it appear that any part of the defendant's conversation with his attorney was introduced at trial or in any way aided the prosecution.

Although we do not find a violation here, we feel constrained to add that we in no way sanction or approve of police conduct which effectively prevents defendants from freely communicating with their attorneys in private. Defendants must be afforded a meaningful opportunity to consult with counsel before submitting to a breath test. Police practices which unjustifiably interfere with this right cannot be tolerated.

### III.

The defendant next argues that his conviction should be overturned because the State failed to disclose the identity of two key witnesses, in violation of V.R.Cr.P. 16 and its duty to disclose exculpatory material imposed by the Fifth and Fourteenth Amendments. See *Brady* v. *Maryland*, 373 U.S. 83 (1963).

V.R.Cr.P. 16 imposes an affirmative duty to disclose to the defendant the names and addresses of all witnesses then known to the prosecution. In this case, the names of the two police officers who made an initial investigation of the scene of the accident were not disclosed to the defendant. Although it is not clear that the prosecution actually knew of their existence, we note that the officers were referred to in the investigating officer's accident report. We will therefore assume for purposes of this opinion that a violation of the rule occurred.

V.R.Cr.P. 16, however, is not to be construed as promoting form over substance. The mere fact that a violation occurred is not dispositive. *State* v. *Evans*, 134 Vt. 189, 192, 353 A.2d 363, 365 (1976). A violation "must be coupled with established prejudice to produce error." *Id.*

In this case, neither officer testified for the State and, although their identity became known to the defendant during trial, the defendant at no time asked the court for a continuance or indicated in any way that he was prejudiced by the State's failure to comply with Rule 16.

The trial court in this case did not order the State to produce the undisclosed witnesses. See *State* v. *Connarn*, 138 Vt. 270, 273, 413 A.2d 812, 814 (1980) (violation of V.R.Cr.P. 16 cured where identity of witness becomes known to the defendant during trial and the court orders the State to produce him, thereby giving the defendant an opportunity to depose the witness or examine him on the stand). Nevertheless, the defendant did not even bring the alleged violation to the court's attention. Thus, although defendant did not depose or examine the witnesses, his failure to request an opportunity to do so or object in any fashion undermines his claim of prejudice and defeats his claim of error. See *Zinn* v. *Tobin Packing Co.*, 140 Vt. 410, 413, 438 A.2d 1110, 1113 (1981); *Meacham* v. *Kawasaki Motors Corp.*, 139 Vt. 44, 46, 421 A.2d 1299, 1301 (1980); see also *State* v. *Mecier*, 138 Vt. 149, 156-57, 412 A.2d 291, 296 (1980) (failure to bring alleged error to

court's attention so that error, if such, can be corrected constitutes waiver).

## IV.

Finally, defendant argues that the State violated his Fifth Amendment rights against self-incrimination by failing to read him his *Miranda* rights prior to administering field sobriety tests. We disagree.

■ The privilege against self-incrimination is not necessarily implicated whenever a person suspected of criminal activity is compelled in some way to cooperate in generating evidence which may be used against him. See *Schmerber* v. *California*, 384 U.S. 757, 763-64 (1966) (defendant compelled to submit to blood test). The privilege only protects the accused from being compelled to provide evidence that is testimonial or communicative in nature. *Id.*

■ We decline to hold that field dexterity tests constitute communicative or testimonial acts implicating Fifth Amendment rights. Although they necessarily rest on the subjective observations of the testing officer, they are designed to reveal objective information about the driver's coordinative capabilities. *People* v. *Ramirez*, 199 Colo. 367, 375, 609 P.2d 616, 621 (1980). Thus, the tests are not within the privilege against self-incrimination and officers need not give *Miranda* warnings to defendants prior to administering them. We note in passing that we are in agreement with the vast majority of courts that have passed on this issue. See *Ramirez, supra,* 199 Colo. at 374 n.8, 609 P.2d at 620 n.8 (partial list of cases holding that roadside field sobriety tests do not implicate Fifth Amendment rights).

*Affirmed.*