### State of Vermont v. Donald Louis Sird

[528 A.2d 1114]

No. 85-096

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,**[1] **JJ.**

Opinion Filed April 3, 1987

---

[1] Justice Hayes heard oral argument but took no part in the decision.

*Marc D. Brierre*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from the trial court's denial of his motion for a new trial, claiming that the State's failure to disclose upon request the criminal record of its only witness constituted prejudice requiring reversal. We find that, while regrettable, and in no way condoned by this Court, this omission on the part of the State was harmless, and we therefore affirm.

On April 14, 1984, defendant, along with two acquaintances, spent the evening with Theresa Brown and Marcel LaFlamme at their apartment. Evidence at trial revealed that everyone present at the Brown and LaFlamme apartment did a substantial amount of drinking. Defendant's two acquaintances testified that when they left the apartment at approximately 9 p.m. Theresa Brown was intoxicated. Theresa Brown remembers going to bed and falling asleep prior to the start of any disturbance.

At approximately 11 p.m., a neighbor, disturbed by noise coming from the apartment, summoned the Rutland City Police De-

partment. After defendant admitted the police into the apartment, they observed LaFlamme unconscious on the floor of the apartment with severe head injuries. The police found Theresa Brown asleep in bed.

Defendant was charged with aggravated assault. At his arraignment, the Rutland District Court issued a pretrial discovery order requiring that the state's attorney provide the defense with the criminal records of all State witnesses. In responding to this order, the State failed to notify defense counsel of Theresa Brown's past convictions. Theresa Brown was the only other person in the apartment at the time that defendant allegedly assaulted LaFlamme, and was the only one of three to testify. During cross-examination, she repeatedly indicated her lack of memory of the events in question.

A jury found defendant guilty of aggravated assault. One month later, a newspaper article revealed that Theresa Brown had had two prior convictions for retail theft. Defendant's attorney filed a motion for a new trial, claiming that the State's failure to disclose Theresa Brown's criminal record resulted in a violation of defendant's due process rights. The trial court denied the motion, finding that defendant had not met his burden of establishing prejudice.

Defendant appeals, maintaining that the State's failure to disclose Brown's criminal convictions resulted in a violation of his federal and state due process rights, as well as a violation of his rights under the Vermont Rules of Criminal Procedure.

■ With respect to defendant's arguments under the Fourteenth Amendment to the United States Constitution, our attention is directed to three leading cases. In *Brady* v. *Maryland*, 373 U.S. 83 (1963), the United States Supreme Court held that a prosecutor violates an individual's due process rights if evidence that is material either to guilt or to punishment is suppressed and nondisclosure might have affected the outcome of trial. *Id.* at 87.

The *Brady* "materiality" rule was clarified in *United States* v. *Agurs*, 427 U.S. 97 (1976), where the defense moved for a new trial on the basis that the prosecution failed to disclose the victim's prior criminal record and that this information would have supported defendant's self-defense claim. *Id.* at 100. In denying a new trial, the Supreme Court held that a prosecutor does not violate a defendant's due process rights unless the omitted evidence creates a "reasonable doubt that did not otherwise exist." The

Court did not believe that, had the evidence been disclosed to the defense, the outcome of the trial would have been any different. *Id.* at 104, 112-14.

Recently, the materiality standard was further refined. *United States v. Bagley,* 473 U.S. 667 (1985). Under *Bagley,* a defendant's due process rights are not violated unless the omitted evidence creates a "reasonable probability" that, had the evidence been disclosed, the trial outcome would have been different. *Id.* at 682.

This Court applied the *Bagley* materiality standard in *State v. Gibbons,* 146 Vt. 342, 503 A.2d 540 (1985). In *Gibbons,* the defendant asserted that the prosecution's failure to disclose requested information prevented the defendant from adequately and fully cross-examining the State witness. This Court refused to set aside the verdict, holding that even if the requested material had been furnished, there was no "reasonable probability" that the trial outcome would have been different. *Id.* at 345, 503 A.2d at 542.

■ In the case at bar, defendant maintains that he would have testified had the impeaching evidence of Brown's convictions been disclosed. Defendant, however, could have taken the stand and stated anything he wished regarding the events of the assault because the defense had established that Brown, the only State witness who was present when the incident occurred, was intoxicated and could not remember the events in question. Thus, Brown's testimony did not amount to evidence that would have a bearing on the material issues of guilt or punishment. As a result, there is no "reasonable probability" that, had the requested evidence been disclosed to the defense, the trial outcome would have been different.

In urging the Court to take action under the Vermont Constitution, as well as the Vermont Rules of Criminal Procedure,[2] de-

___

[2] V.R.Cr.P. 16.2(g) provides:

> (1) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances.
>
> (2) Willful violation by counsel of an applicable discovery rule or order issued pursuant thereto may subject counsel to appropriate sanctions by the court.

fendant places considerable reliance on *State* v. *Goshea*, 137 Vt. 69, 398 A.2d 289 (1979), in which the defendant was granted a new trial based on newly discovered evidence that had not been disclosed by the State. *Id.* at 76-77, 398 A.2d at 294. In *Goshea*, the prosecutor received a report during trial that the supposed homicide victim had just been seen alive in another part of the state, and deliberately withheld this information from the defendant. In his closing argument to the jury, the prosecutor commented that no one had seen the purported victim since the date of the homicide. The withheld information was, of course, critical to a material issue in the case.

In *Goshea*, the following elements were involved: (1) the withheld evidence was favorable to the accused, and relevant to an element of the State's case that was subject to doubt; and (2) the prosecutor not only withheld the evidence, but also took advantage of its absence from the record. *Id.* at 76, 398 A.2d at 294. When these factors are present, an appropriate remedy is a new trial for the defendant in order to ensure defendant's due process rights to a fair trial. *Id.* at 76-77, 398 A.2d at 294. Even in cases where not all of these factors are present and no court order for production has been issued, "[a] prosecutor who withholds evidence demanded by an accused, which, if made available, would tend to impeach the State's witnesses, runs the risk of reversal on appeal and of being the architect of a trial that does not comport with our standards of justice." *Gibbons*, 146 Vt. at 345, 503 A.2d at 542.

Although a prosecutor has an obligation to disclose to a defendant a wide range of material and information, see V.R.Cr.P. 16, the mere fact that a violation of this duty has occurred is not dispositive. *State* v. *Lombard*, 146 Vt. 411, 416, 505 A.2d 1182, 1185 (1985). A violation of the rule must be coupled with a showing of prejudice in order to produce reversible error. *Id.*

The case at bar does not fit the *Goshea* mold, nor has defendant demonstrated prejudice. The State concedes that it failed to disclose Brown's criminal record, but maintains that the failure was an inadvertent oversight. There is no evidence that the State deliberately withheld the information, nor that the State used the withheld information to benefit its position. Unlike *Goshea*, the withheld information did not apply to a material issue in the case. Although defendant contends that Theresa Brown's criminal record would have assisted the defense in attacking her credibility,

the prosecutor's failure to disclose it did not prevent the defense from demonstrating through cross-examination that Theresa Brown could not remember the details of the evening in question.

Further, defendant's contention that he would have taken the stand to testify had he known about Brown's convictions rings hollow. The fact that Brown had testified she did not remember the events of the night in question left the field to defendant. He could testify without fear of contradiction from Theresa Brown. Her lack of memory left nothing to impeach.

We find no more reason under the Vermont Constitution than under the United States Constitution to hold that defendant's due process rights have been violated or that defendant has been deprived of a fair trial. See *Gibbons*, 146 Vt. at 344, 503 A.2d at 541-42. It is clear that the failure to disclose Brown's criminal convictions did not result in prejudice to defendant and that the omission was harmless.

*Affirmed.*