**STATE of Vermont v. Thomas J. HOULE**

[596 A.2d 1292]

No. 88-082

June 24, 1991. Defendant appeals from a conviction after jury trial for attempted grand larceny, 13 V.S.A. §§ 9, 2501. We affirm.

Defendant was charged with breaking into a car on a Burlington street after being apprehended while attempting to flee with an attache case that he had allegedly removed from the car. In the attache case was a necklace valued at $1,200. He was convicted, and the present appeal followed.

Defendant argues first that the court erred in failing to instruct the jury that since the charge was attempted grand larceny, the State had to prove that defendant intended to steal something valued at more than $500.

The State responds that under the larceny and attempt statutes, taken together, the State need not prove intent to steal an article of a particular value, but rather must simply prove an intent to steal. The classification, under this theory, results from the value in fact of the objects stolen, just as with the completed crime of larceny.

The State's argument is correct. "A person steals if he takes property from one in lawful possession without right, with the intention to keep it wrongfully." *State v. Reed*, 127 Vt. 532, 538, 253 A.2d 227, 231 (1969). The intent to commit grand larceny is not conditioned on a showing that the defendant was specifically aware of the value of the object stolen, and this defendant suggests no rationale why the rule should be different where the crime is not completed and the resultant charge is attempted grand larceny. The question has not yet arisen in Vermont, but the result is clear in jurisdictions that have considered the issue. See *State v. Delmarter*, 94 Wash. 2d 634, 618 P.2d 99 (1980) (en banc), where the court held:

> Initially, defendant contends that to be convicted of attempted first-degree theft, the state must prove he knew the property he attempted to steal had a value in

excess of $1,500. Defendant confuses knowledge with intent. [The Washington first-degree theft statute] does not include as an element of the crime that defendant must have knowledge of the value of the property.

*Id.* at 637, 618 P.2d at 101; see also *State v. Redding*, 213 Neb. 887, 892–93, 331 N.W.2d 811, 814 (1983) (affirmance of conviction for attempted theft of property of the value of more than $1,000, where the jury determined that there was an attempted theft, and evidence indicated that the object was worth $12,000).*

Defendant also argues that the State made untimely disclosure of information furnished to the State by a co-defendant, Erick Wallace, in violation of V.R.Cr.P. 16(b)(2). When he was arrested, Wallace made a statement implicating defendant, which was supplied to defendant, who did not then depose Wallace. Wallace was called as a witness late in the State's case, and when he testified to a complete memory loss, the State advised defendant for the first time that a week earlier Wallace had made statements exculpating defendant. Wallace also told an investigator that he had made similar exculpatory statements when he pled guilty to charges arising out of the same events.

After defendant objected and moved for a mistrial, the court gave defendant an opportunity to depose Wallace, and he did so. In the deposition Wallace repeated the exculpatory statements. The court granted defendant a recess to evaluate the deposition, and after a 25-minute recess and a further motion for mistrial, which was denied, defendant opened his case-in-chief. When defendant called Wallace as a witness, he reverted to his initial statement to the police implicating defendant, and defense counsel sought to impeach him with his inconsistent statements.

The State concedes the late disclosure under Rule 16(b)(2), but relies on *State v. Sird*, 148 Vt. 35, 528 A.2d 1114 (1987), where we held that "[a]lthough a prosecutor has an obligation to disclose to a defendant a wide range of material and information, the mere fact that a violation of this duty has occurred is not dispositive. A violation of the rule must be coupled with a showing of prejudice in order to produce reversible error." *Id.* at 39, 528 A.2d at 1116 (citations omitted).

Defendant in the present case has not demonstrated prejudice. He was able to depose Wallace, to examine him as a witness, and to expose to the jury the several twists and turns in his account of the events in question. Defendant speculates that "[h]ad Appellant been provided with the statement [of Wallace] prior to trial, and therefore taken the opportunity to depose Mr. Wallace, there is more than a reasonable probability that Mr. Wallace would have testified favorably for Appellant." Wallace testified unfavorably for defendant almost immediately after offering a contrary, and more favorable, version of events during the midtrial deposition. Defendant offers no reason why Wallace would have been more

---

* The instant case does not present the question of what degree of attempted larceny may be charged where the attempt is thwarted before the identity of the specific property which is the subject of property which is the subject of the attempted larceny becomes clear, but where the information otherwise alleges all of the elements required to charge the crime of larceny in some degree.

642

faithful to a deposition given before trial.

We are more troubled by defendant's argument that he might have conducted a more effective cross-examination of the State's witness with Wallace's deposition in hand, but defendant does not explain how that cross-examination might have impeached the testimony of any of the State's witnesses. At most it would have offered an account of the facts based on Wallace's deposition, countering the statement Wallace made when he was arrested. With or without cross-examination, the jury was fully aware of Wallace's inconsistent statements, and a review of the record does not indicate that defendant was prejudiced by the time and manner in which this evidence was elicited.

Finally, defendant argues that the trial court omitted from the jury charge any reference to the value of the goods taken. A review of the record reflects that defendant never requested such an instruction, and it may not be raised for the first time on appeal. Moreover, the evidence on the value of the pearls was not contested at trial, and the trial court might well have concluded that defendant had conceded their value—a fair inference from the record as a whole. Any omission from the instruction concerning the value of the pearls was, at most, harmless error.

*Affirmed.*