423 So.2d 516 (1982)
Curtis COLLINS a/K/a James Michael Collins, Appellant,
v.
STATE of Florida, Appellee.
No. 81-64.
District Court of Appeal of Florida, Fifth District.
December 15, 1982.
James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Collins appeals from a final judgment adjudicating him guilty of committing a robbery with a firearm and from the trial court's denial of his motion for a new trial. *517 We find no merit to appellant's arguments for obtaining a reversal of his conviction. However, because of the cumulative effect of improper prosecutorial comment[1] in the final argument, the inconclusive nature of the evidence identifying Collins as the person who committed the robbery,[2] and the totality of the circumstances of this trial,[3] we conclude that Collins did not receive an essentially fair trial. Therefore, his motion for a new trial should have been granted.[4]
The appellant was charged by separate informations with robbing an ABC Liquor Store employee, Kevin Louis, on July 3 and July 17, 1981, and with using a firearm (shotgun) during the robberies.[5] Pursuant to a motion by appellant the cases were consolidated for trial.
Louis and Hartman, the ABC employees who were robbed on July 3 and July 17, 1981, were unable to clearly identify Collins as the perpetrator of the crimes. They testified the assailant on July 3rd was about six feet tall, weighed 200 pounds, had long blond hair, and spoke with a southern accent. On July 17th, the assailant wore a mask, but otherwise appeared and sounded similar to the first robber. Both assailants ran or walked quickly away from the robbery scenes in a normal fashion, without any squeaking or clicking sounds, or limp. Lewis described the second robber as wearing a mask, a T-shirt, and jeans, and having a shotgun in hand.
Shortly after the second robbery, Collins was seen speeding on the Econolokahatchee Trail near the second robbery scene. When he ran a stop sign, sheriff's units gave chase and stopped and arrested him. He was wearing a blue shirt with a collar, no T-shirt, and jeans. He had short, dark brown hair. The police searched the car he was driving, and the highway along which the chase ensued, but found no trace of a shotgun, the money bag taken from the ABC employees, a T-shirt, or a mask. They did find in the back seat of the car sixty cents ($.60) and a pair of crutches.
Louis and Hartman were brought to the scene of the arrest. They said Collins had the same general build as the robber or robbers. Louis identified him as his assailant during both robberies because Collins has a distinctive southern accent. Hartman could not identify Collins as the robber and he testified there was nothing distinctive to him about the robber's accent. After the trial Louis recanted his testimony identifying Collins as the robber. He was influenced by the fact that Collins had received a life sentence, and by his learning belatedly from McMurray, the manager of Sun State Prosthetics, the condition of Collins' leg and prothesis in July 1981. A motion for new trial was made based on this recantation, but it was denied by the trial judge.
At the trial, McMurray testified that Collins is an amputee, having only four inches of bone below the knee on one leg. On July 3rd appellant came to his office, walking with a cane or crutch. The stabilizers had broken off Collins' prosthesis, making it difficult to walk without assistance. McMurray observed that Collins' stump was badly lacerated and in poor condition. He testified that due to the condition of Collins' leg and prosthesis, his ability to walk unassisted was minimal, and his ability to run was "nil." Collins did not get his new *518 prosthesis made by Sun State until July 8, 1981. When walking with the prosthesis, there is a squeaking or clicking sound. Other witnesses testified that during July, Collins could not run without a marked limp or a very staggered gait.
At the close of the State's case and after all the evidence was presented, Collins moved for a judgment of acquittal as to both robbery charges. The motions were not ruled on until after the prosecutor's closing argument. Then, based on the prosecutor's argument, the trial judge withdrew the first robbery from the jury's consideration and denied the motion for acquittal as to the second. These circumstances enabled the prosecutor to make a highly unusual closing argument which contributed to the unfairness of the trial. He magnanimously conceded that there was not sufficient evidence to convict Collins of the first robbery, and he asked the jury to return a not guilty verdict as to it. Yet he gave his personal opinion that the evidence was sufficient as to the second robbery, and bolstered it with references to the first robbery.
Finally, he told the jury if they were not satisfied with Collins' explanation of why he was speeding on the highway on July 17th (he was going to visit his girl friend) and why he fled from the police (he had just been released from prison and was driving without a license), they should find him guilty.[6]
None of the errors and failures of proof at trial alone would be persuasive, but their total effect convinces us there was here a miscarriage of justice that can only be remedied by requiring a new trial. We also think that without Louis' recanted testimony, there would have been insufficient evidence to sustain Collins' conviction for the second robbery. Only Louis linked Collins to the crimes. Collins' general build, (which is not unusual for men in the general population), his southern accent (which is also commonplace for Central Florida) and his proximity in time and place to the crime scene, by themselves, were not sufficient to sustain his conviction.[7] Therefore, the trial court should have ordered a new trial, when Collins made a motion based on Louis' recantation of his key testimony.[8]
REVERSED AND REMANDED FOR NEW TRIAL.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Dukes v. State, 356 So.2d 873 (Fla. 4th DCA 1978).
[2] Troop v. State, 98 Fla. 385, 123 So. 811 (1929).
[3] Tibbs v. State, 397 So.2d 1120 (Fla. 1981).
[4] Collins made a motion for new trial after his conviction, and another one (which could have been deemed a petition for writ of coram nobis) after a witness recanted his trial testimony.
[5] Appellant also argues for the first time on appeal this cause should be reversed because the robbery information failed to allege intent to permanently deprive the victim of his property. Bell v. State, 394 So.2d 979 (Fla. 1981). We think the information was not fundamentally defective in this regard as it alleged Collins "did, in violation of Florida Statute 812.13(2)(a), by force, violence, assault or putting in fear, take away from the person or custody of Kevin Louis certain property... ." Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982).
[6] The prosecutor said:

I want you to ask yourselves why did the defendant do what he did? Why did he do it when he did it? And why did he do it where he did it? And I want you to search your mind and your reason and the evidence in this case and to go back there and to ask yourselves if you have a satisfactory answer, founded on evidence in this case to explain that. And if you do, find him not guilty. And if you don't, return a verdict that speaks the truth.
Record at 436.
[7] See Smith v. State, 379 So.2d 996 (Fla.5th DCA 1980).
[8] Cf. Gomez v. State, 415 So.2d 822 (Fla. 3d DCA 1982).