UNITED STATES of America, Plaintiff-Appellee,

v.

Marcia HURLEY, a/k/a Marcia Monday and Marcia Harben, Defendant-Appellant.

No. 84–7417
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 19, 1985.

Michael Graffeo, Birmingham, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., John C. Earnest, Jr., Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant Marcia Hurley appeals from her conviction for willfully aiding and abetting her husband, Raymond Hurley, in escaping from federal custody, contending that the district court erred in admitting evidence of her contacts with Raymond after his escape. We affirm the conviction, finding the evidence to have been properly admitted.

On October 8, 1983, Raymond Hurley was in federal custody in Madison County Jail in Huntsville, Alabama. A cellmate, Roy Paul, agreed to permit Hurley to impersonate Paul in an attempt to obtain release under Paul's bond. Another inmate at the jail testified that he overheard Hurley making two phone calls to Tennessee that same night. During the first call, Hurley told the person to bring bond money to the jail for Roy Paul. During the second call, he instructed the person to wire the money rather than bringing it, and to meet him down the street from the jail as soon as he made bond. Appellant admits that Hurley called her in Nashville, Tennessee that night with a request to wire money, but contends that Hurley told her that the money was to be used to pay off a gambling debt he had incurred in prison.

In the early hours of October 9, 1983, appellant went to the Western Union office and wired $1200 to a bonding company in the name of Roy Paul. As the name of the sender she signed "Carl Jackson," and included a fictitious address. Appellant alleges that her husband had instructed her to do this. Later that day, Hurley, posing as Paul, was released from jail on Paul's bond.

On October 14, appellant met Hurley in Donaldson, Tennessee, and they drove to Knoxville where they stayed until October 17. They then drove back to Nashville and she dropped him off at a hotel. On October 18, appellant was interviewed at her home by U.S. Marshal Wayne Woodall. During this interview she received two seemingly innocuous telephone calls. After the second call she informed Woodall that Hurley was the caller, and that she had spoken to him in code to notify him that a law enforcement officer was present. She told Woodall that she wanted to help apprehend her husband; however, she met with Hurley two times subsequent to that without calling Woodall.

On appeal, appellant contends that all evidence of her post-escape contacts with

Hurley was irrelevant and prejudicial to the charge of aiding and abetting Hurley's escape, and that the district court's failure to exclude this evidence deprived her of her right to a fair trial.

## DISCUSSION

There is no dispute that, in wiring the money to her husband, appellant committed a substantive act which aided and abetted his escape from federal custody. The only issue at trial was her intent in wiring the money.

Rule 404(b), Fed.R.Evid., provides that evidence of other crimes, wrongs, or acts may be admissible as proof of intent. A subsequent act, as well as a prior act, can be used to show intent under Rule 404(b). *United States v. Terebecki*, 692 F.2d 1345, 1349 (11th Cir.1982); *United States v. Webb*, 625 F.2d 709, 710 (5th Cir.1980). Because it is difficult to prove intent by direct evidence, it normally must be inferred from circumstantial evidence. *See United States v. Arredondo-Morales*, 624 F.2d 681, 684 (5th Cir.1980).

To show intent in an aiding and abetting prosecution, it may be relevant and material to show whether the defendant, when offered the fruit of the crime, accepted or rejected the fruit. For instance, assume that a defendant committed an ambiguous act which in fact aided and abetted a theft of money by another person. It would be relevant to a determination of the defendant's intent in committing that act whether, when offered the chance to split up the stolen money, the defendant accepted or rejected the money. If the defendant rejected the opportunity to acquire the spoils of the crime, he would certainly be permitted to show this fact in court, as relevant to the issue of his intent, in an aiding and abetting prosecution. Likewise, if the defendant accepted the spoils the prosecutor should be permitted to show this.

In the instant case, the fruit or object of the charged offense was Raymond Hurley's release and freedom. The appellant, in a sense, accepted the fruit of this offense by accepting the companionship of Hurley. Appellant spent four days with Hurley almost immediately after his escape, and continued to meet with him without the knowledge of federal authorities after she had promised to cooperate with the authorities in recapturing him. While the circumstantial evidence of these post-escape contacts may not be determinative on the issue of the appellant's intent in wiring the money to Hurley, we believe that the jury was properly permitted to consider and weigh this evidence. The trial court has broad discretion in determining the relevance and admissibility of evidence, *United States v. Terebecki*, 692 F.2d at 1350; *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir.1978), and the district court was within the bounds of this discretion in admitting the evidence of post-escape contacts here.

The judgment of the district court is AFFIRMED.