## Dorothy C. Nelson v. Paul Percy d/b/a/ Percy Farms, Vern Walker and Michael Lemaire

[540 A.2d 1035]

No. 86-163

Present: Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed December 11, 1987

Motion for Reargument Denied January 5, 1988

*Stevens & Vogl,* Stowe, for Plaintiff-Appellant.

*Charles N. Hurt, Jr.* of *Downs Rachlin & Martin,* St. Johnsbury, for Defendant-Appellee and Cross-Appellant Walker.

**Allen, C.J.** This case involves a suit by a dog owner against a farm owner and his manager for the unjustified shooting and disposal of her two dogs. The plaintiff sought actual damages for the value of the dogs and for the emotional distress she suffered, as well as punitive damages. The jury found that the killing was jus-

tified, but awarded the plaintiff actual and punitive damages against the manager for the emotional distress that plaintiff suffered. The jury returned a verdict in favor of the farm owner on all counts. The plaintiff claims several errors in the trial court's charge and in its refusal to admit certain rebuttal evidence. Defendant Walker cross-appeals the trial court's denial of his motions for directed verdict and for judgment notwithstanding the verdict on the issue of intentional infliction of emotional distress. We affirm.

At trial, defendant Walker, the farm manager, and defendant Percy, the owner of the farm, both testified that Percy gave Walker instructions to shoot any dogs chasing cows on the farm. Walker testified that he saw the plaintiff's dogs chasing cows, shot them, and disposed of their carcasses on a refuse heap where he placed dead calves. He testified that when the plaintiff's daughter later asked him if he had seen the dogs he replied that he had not. The plaintiff did not learn of the dogs' whereabouts for three days, when she heard from a third party that they had been shot and disposed of on the farm. She testified that she suffered severe emotional distress from losing the dogs and from the callous treatment by Walker of their bodies. She also testified that she suffered severe emotional distress as a result of the condition of the dogs' carcasses when they were finally returned to her.

On appeal, the plaintiff claims that the court erred in three instances in its charge to the jury: in instructing the jury on the defense of justification where the defendants had not pled the defense affirmatively, in placing the burden of proving the unlawfulness of the shooting on the plaintiff, and in instructing the jury on an employer's liability for his employee's acts.

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." V.R.C.P. 51(b). After the court charged the jury, the plaintiff raised no objections to the court's instructions on the defense of justification or on an employer's liability for his employee's acts. Because the plaintiff did not object to these jury instructions, she cannot challenge them on appeal. See *Westchester Fire Ins. Co.* v. *Deuso*, 146 Vt. 424, 427, 505 A.2d 666, 667 (1985) (citation omitted).

■ After the charge, the plaintiff's attorney objected that the court had not explained the burden of proof. The court then gave an additional charge explaining that the standard of proof was by the preponderance of the evidence. Counsel made no further objections. Where a party objects to a court's charge and the court then gives the jury additional instructions on the part of the charge objected to, the party must again object if it is not satisfied with the additional instructions, to preserve the claim for appeal. See *Porter* v. *American Export Lines, Inc.*, 387 F.2d 409, 412 (3d Cir. 1968) ("The purpose of Rule 51 . . . is to afford the trial judge an opportunity to correct the error in his charge before the jury retires to consider its verdict, and the fact that it is a supplementary instruction is no exception.") (citation omitted); *Clancy* v. *Brunswick-Balke-Collender Co.*, 291 F.2d 799, 806 (3d Cir. 1961) (defendant failed to preserve for appeal objection to charge where his counsel objected to the court's charge, the court gave additional instructions as requested, but counsel made no objection to the additional instructions). Therefore, since the plaintiff did not object to the court's additional charge, she has not preserved the issue for review.

■ The plaintiff also claims that the trial court erred in not allowing her to introduce certain rebuttal evidence. Defendant Percy testified on cross-examination by the plaintiff that he did not instruct Walker to shoot any animal that set foot on his property, but only authorized him to shoot dogs chasing cows. Plaintiff's counsel in an offer of proof indicated he was seeking to rebut that statement by calling Walker and the plaintiff to testify to a conversation where Percy and Walker apologized to plaintiff and Percy stated he had told Walker to shoot "anything that steps on that field." The court ruled that the evidence was repetitive and the issue had already been covered in the plaintiff's testimony and in Walker's testimony.

"The trial court has wide discretion in matters of trial conduct and evidentiary rulings, including the admission of rebuttal testimony." *State* v. *Bessette*, 148 Vt. 17, 19, 530 A.2d 549, 550 (1987) (citations omitted). The trial court did not abuse its discretion in disallowing the evidence as rebuttal. The plaintiff had already testified under direct examination that, during their conversation, Percy said he had instructed Walker "to shoot anything that set foot on that property." The plaintiff called both Percy and Walker as witnesses and thus had an opportunity to examine

them on the question. The defense also called both Percy and Walker, giving the plaintiff the chance to cross-examine them.

■ Finally, we address defendant Walker's contention that the court erred in denying his motion for directed verdict and for judgment notwithstanding the verdict on the intentional infliction of emotional distress. Reviewing the record, we find that the defendant did not make that claim in his motion for a directed verdict below. Defendant Walker only moved for a directed verdict with respect to the lawfulness of the shooting, not with respect to the infliction of emotional distress. "V.R.C.P. 50(b) requires that legal issues be raised on motion for directed verdict at the close of all the evidence in order to be challenged later by way of judgment notwithstanding the verdict." *Lent* v. *Huntoon*, 143 Vt. 539, 551, 470 A.2d 1162, 1170 (1983) (citation omitted). Since the scope of the motion for directed verdict was limited, defendant Walker preserved a challenge to the lawfulness of the killing only, not the infliction of emotional distress. *Id.*

*Affirmed.*