## State of Vermont v. Timothy Miller

[560 A.2d 376]

No. 87-446

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed April 7, 1989

*Jeffrey L. Amestoy, Attorney General,* and *David Tartter, Assistant Attorney General,* Montpelier, for Plaintiff-Appellee.

*Michael Rose,* St. Albans, for Defendant-Appellant.

**Dooley, J.** Defendant was convicted of second-degree murder in 1983, and after that conviction was affirmed in this Court,[1] he moved pursuant to V.R.Cr.P. 33 for a new trial on grounds of newly discovered evidence. He now appeals the denial of that motion, and we once again affirm.

Timothy O'Neal was murdered during the night of April 8, 1982, after he had been expelled from a bar in the company of defendant and a companion. Defendant was charged with the crime. At the trial, which ended in conviction on March 23, 1983, a witness, Daniel Tobler, identified defendant as having been near the murder scene with the victim and a third person. Earlier, in a deposition, Tobler denied that he could identify defendant. However, between the deposition and the trial, Tobler stated in writing that he was able to identify defendant as present at the scene and that his earlier statement had been induced by receipt of a threatening note, which he presumed had been sent to discourage him from testifying.

Defendant failed to cross-examine the witness at trial about the conflicting deposition statement. He claims that he refrained from cross-examination because he feared the State might then have used the existence of the note to rehabilitate Tobler's testi-

[1] *State* v. *Miller,* 146 Vt. 164, 502 A.2d 832 (1985).

mony, and also because he feared the jury might believe that defendant had written the note. He further claims that after the trial he learned from two people, both of whom testified at the hearing on the new trial motion, that the note was not genuine. Defendant's former girlfriend, whose identity was known at the time of trial, Molly Collins, testified that she had seen the note and recognized it to be in Tobler's handwriting. Christine Suarez, whose identity defendant claims was not known at the time of trial, also testified that she saw the note and that it was in Tobler's handwriting.

Arguing that he would have cross-examined Tobler, a key prosecution witness, had he known of evidence that the note had not been genuine, defendant moved for a new trial. The trial court denied the motion, concluding that defendant failed to meet the standard for a new trial on grounds of newly discovered evidence enunciated in *State* v. *Smith,* 145 Vt. 121, 485 A.2d 124 (1984).[2] In that case we stated:

> To warrant a new trial on the basis of newly discovered evidence, defendant must meet five requirements: (1) it must appear that the new evidence would probably change the result upon retrial; (2) the new evidence must have been discovered subsequent to trial; (3) the evidence could not have been discovered earlier by the exercise of due diligence; (4) the evidence is material; and (5) the evidence is not merely cumulative or impeaching.

*Id.* at 131, 485 A.2d at 130-31. In a lengthy and detailed opinion, the trial court found in this case that none of the five requirements were met. Although the defendant attacks all these conclusions, as he must to prevail, he directs most of his attention to two issues: whether the evidence was newly discovered and whether the evidence was merely impeaching. Since we find that the trial court's conclusion as to the first requirement of *State* v.

---

[2] The court first concluded that the motion for a new trial had not been timely filed but reached the merits in the alternative. We conclude that the motion had been filed within the prescribed time but sustain the trial court on its decision on the merits. Consequently, the court's conclusion on timeliness was harmless error and need not be further explored.

*Smith* is fully supported by the record, we affirm without reaching the other requirements.[3]

Disposition of a motion for a new trial is a matter within the discretion of the trial court, and its decision will not be overturned unless its discretion was abused or withheld. See *State* v. *Potter,* 148 Vt. 53, 63, 529 A.2d 163, 169 (1987). The test is a stringent one. *State* v. *Mecier,* 145 Vt. 173, 181, 488 A.2d 737, 742 (1984). The first element is particularly difficult for the defendant to show because it requires the probability of a different result, not simply a possibility of a different result. See *State* v. *Robillard,* 146 Vt. 623, 628-29, 508 A.2d 709, 713 (1986).

There are ample grounds in this case for the trial court to conclude that a different result was not probable as a result of the new evidence. Tobler was one witness of many. See *State* v. *Miller,* 146 Vt. 164, 166-69, 502 A.2d 832, 834-35 (1985) (describing the evidence against defendant). Tobler has not recanted his testimony. At best, the new evidence *might* impair Tobler's credibility before the jury. In addition it is not clear that the failure to cross-examine Tobler at trial was because of the note. See *id.* at 173-74, 502 A.2d at 838. The trial court found that much of the new evidence was not credible and that Tobler testified truthfully at trial.

Defendant argues that the trial court's analysis of the evidence intruded on the proper function of the jury. Our new trial test, however, clearly requires the trial court to evaluate the quality of the evidence that is alleged to be newly discovered. See *State* v. *Barrett,* 132 Vt. 369, 374-75, 320 A.2d 621, 625 (1974). The trial court discharged this duty fairly and fully. Since its conclusions on the first element of the new trial test are fully supported by the record, there is no reason to reach the other elements of the test.

*Affirmed.*

---

[3] In his initial brief, defendant argued that the lower court was improperly constituted to decide the new trial motion because only one assistant judge sat. However, he withdrew this claim in his reply brief, and we do not consider it.