## STATE of Vermont v. Jane WHEEL

[596 A.2d 372]

No. 90-326

July 22, 1991. Defendant, who was convicted of three counts of false swearing and whose conviction was affirmed in this Court, *State v. Wheel*, 155 Vt. 587, 587 A.2d 933 (1990), appeals from the district court's refusal to allow her to conduct a post-trial deposition. The proposed deponent is the counsel for the Judicial Conduct Board. Defendant seeks to use his deposition in support of a future motion for a new trial based on newly discovered evidence that the State's investigation into defendant's activities was nothing more than a perjury trap. According to defendant, the deposition would yield evidence tending to show that the State conducted inquests for the stated purpose of investigating defendant's filing of false pay vouchers when, in fact, the State had concluded that it would be unable to prosecute defendant on such charges because of this Court's expansive definition of "official duties." The district court granted the State's motion to strike the notice of deposition, concluding that defendant failed to show that the deposition testimony would lead to new evidence that would satisfy the criteria for a new trial.

Defendant's main argument here is that the threshold she was required to meet to obtain the deposition was too high. We need not reach that ar-

gument because defendant was not entitled to any deposition at this stage of the proceedings. The only authorization for depositions in criminal proceedings is contained in V.R.Cr.P. 15. Rule 15 is found in Part IV of the rules establishing procedures for "Arraignment and Preparation for Trial." It does not authorize post-trial depositions. Our liberal discovery rules end at conviction, where the interests of the State and defendant become markedly different and the need for finality is great. As the California Supreme Court recently held, "[t]he trial court lacked jurisdiction to order 'free-floating' postjudgment discovery when no criminal proceeding was then pending before it." *People v. Gonzalez*, 51 Cal. 3d 1179, 1256, 800 P.2d 1159, 1203, 275 Cal. Rptr. 729, 733 (1990).

We do not foreclose the possibility that a trial court could order discovery in an exceptional case after a motion for a new trial has been filed and the court has determined that the motion has sufficient merit to warrant an evidentiary hearing. See *Hopkinson v. Shillinger*, 866 F.2d 1185, 1220–21 (10th Cir. 1989); *United States v. Wolfson*, 413 F.2d 804, 808 (2d Cir. 1969). Even if defendant had filed a new trial motion here, her showing would fall short of that required to obtain a new trial on grounds of newly-discovered evidence. See *State v. Miller*, 151 Vt. 337, 338, 560 A.2d 376, 377 (1989). In light of the affidavit of the proposed deponent, defendant has not made a showing that this evidence is newly discovered or that it had any likelihood of changing the result of defendant's trial. We see nothing that would undercut the resolution of the perjury trap issue in defendant's first appeal. See *State v. Wheel*, 155 Vt. at 596 n.5, 587 A.2d at 939 n.5.

*Affirmed.*