PER CURIAM.
Daniel Herrick appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
The motion raises five separate issues, three of which should have been argued (if at all) on direct appeal. As to Herrick’s claim of ineffective assistance of counsel, we agree with the trial court that Herrick’s allegations are insufficient on their face. Only the remaining claim merits further consideration.
Herrick alleges that a key prosecution witness, one Michael Dino Brown, testified falsely after having been threatened by the state. Attached to the motion are two affidavits purportedly executed by Brown recanting his trial testimony. The trial court’s order declares that Herrick should have raised this issue on direct appeal. We disagree. A claim of recanted testimony is similar in principle to “newly discovered evidence,” and as such can be brought via Florida Rule of Criminal Procedure 3.850. See Norris v. State, 586 So.2d 1320 (Fla. 2d DCA 1991).
We further find that Herrick’s allegations are sufficient on their face to allow relief. From the limited record now before us it appears that Brown’s testimony was crucial to the state’s case. Accordingly, we remand for further proceedings with regard to this one issue. The trial court should re-examine the files and records to determine whether anything therein conclusively demonstrates that Herrick would not be entitled to relief even if Brown’s affidavits were taken as true. If so, the court may again deny the motion, attaching to its order whatever documentation it has relied upon in reaching that conclusion. Failing this, an evidentiary hearing will be necessary. All parties should take note of the supreme court’s recent decision Jones v. State, 591 So.2d 911, (Fla.1991), in which the court relaxed somewhat the standard of proof for claims of newly discovered evidence.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.