615 So.2d 255 (1993)
Jimmy VENUTO, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-761.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Jimmy Venuto, appeals his conviction and sentence for aggravated battery and burglary of a structure. We reverse and remand with instructions and modify the order.
The victim was struck on the head with a board and fell to the ground. Then, a masked man attempted to strangle him. *256 Based on his previous contact with the defendant, the victim was certain that the defendant was the assailant. The defendant was charged with attempted first degree murder, aggravated battery, and burglary with an assault. He pled not guilty to the charges. On January 23, 1992, the jury found the defendant not guilty of attempted murder, but guilty of the other two charges. On February 18, 1992, the trial court granted the defendant's motion for a continuance of sentencing.
Then on March 13, 1992, the defendant filed a motion for new trial supported by an affidavit from the victim which states that he had changed his mind about the defendant's guilt. The trial court summarily denied the motion ruling that there was nothing in the affidavit that would not have been discoverable at the time of the original trial.
The trial court entered judgment and sentenced the defendant to two concurrent ten year sentences, with five of those years suspended, and placed the defendant on probation. The trial court also announced a judgment lien for attorney's fees and court costs. The written order imposing the lien adds the requirement that if the defendant appeals his conviction, upon receipt of a mandate, the trial court shall enter a further judgment against the defendant for the costs incurred in preparing the record on appeal and for the filing fee.
As a preliminary matter, we note that we are treating the defendant's request as a motion seeking relief under rule 3.850.[1] We conclude that "the achievement of the ends of justice" warrants this result. See Jackson v. State, 416 So.2d 10 (Fla. 3d DCA 1982).
The defendant contends that the trial court erred in summarily denying his motion for new trial based upon newly discovered evidence without an evidentiary hearing where the motion was supported by an affidavit of the victim recanting his identification of the defendant as the perpetrator of the offenses. We agree.
The evidence which the defendant claims to be newly discovered is contained in an affidavit from the victim which was attached to his motion for new trial. The victim stated that the person who attacked him had smooth, brown skin, while the defendant has a lot of thick hair on his arms and legs; that the defendant has long fingernails, while the attacker tried to strangle him and left no fingernail imprints on his neck; and that he had bled profusely, but the defendant's clothes had had no bloodstains.
To be newly discovered the facts "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known them by the use of diligence." Jones v. State, 591 So.2d 911, 916 (Fla. 1991) (quoting Hallman v. State, 371 So.2d 482, 485 (Fla. 1979)). Moreover, this newly discovered evidence must be found to be "of such nature that it would probably produce an acquittal on retrial." Jones, 591 So.2d at 915. In Cammarano v. State, 602 So.2d 1369, 1371 (Fla. 3d DCA 1992), the court explained this standard as follows:
The recantation of testimony by a key prosecution witness may require a new trial, where there is no other strong evidence of a defendant's guilt, and where the court determines the verdict likely would have been different, had the witness either not testified or had the testimony at trial been as now recanted. See Jones v. State, 591 So.2d 911 (Fla. 1991); Gledening v. State, 17 F.L.W. D1251, 604 So.2d 839 (Fla. 2d DCA May 13, 1992); Herrick v. State, 590 So.2d 1109 (Fla. 2d DCA 1991). See also Collins v. State, 423 So.2d 516, 518 (Fla. 5th DCA 1982).
These determinations require an evidentiary hearing. Jones, 591 So.2d at 916; Cammarano, 602 So.2d at 1371. Therefore, we reverse and remand this cause back to the trial court with instructions to conduct an evidentiary hearing to determine *257 whether the evidence presented in the motion for new trial is actually newly discovered evidence and whether such evidence, had it been introduced at the trial, would have resulted in an acquittal.
Next, as the state properly concedes the final judgment assessing attorney's fees and costs improperly imposes costs of an appeal upon the defendant where the defendant has been adjudicated insolvent. See Cliburn v. State, 510 So.2d 1155, 1156 (Fla. 3d DCA 1987) (appellate filing fee and record preparation costs could not be assessed against defendant who had been adjudicated insolvent because no statute authorizes it); § 924.17, Fla. Stat. (1991). Therefore, if upon remand the trial court denies the defendant's motion for a new trial, the trial court must strike the provision in its order which states that "[i]f the Defendant appeals the conviction in this case, upon receipt of a Mandate ..., this Court shall enter a further judgment against said Defendant for the costs incurred in preparing the record on appeal herein and the filing fee for said appeal."
Reversed and remanded with instructions and order modified depending on trial court's decision on remand.
NOTES
[1] The defendant's motion for new trial was filed approximately six weeks after the jury returned its verdict and was, therefore, untimely. Fla. R.Crim.P. 3.590(a) (motion for new trial to be made within ten days after rendition of verdict). The trial court's order denying the defendant's motion expressly finds that "the Court has jurisdiction over the subject matter and the parties hereto." The trial court must have treated the motion as seeking relief under rule 3.850.