# State of Vermont v. Leo Jones

[631 A.2d 840]

No. 92-521

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 16, 1993

*Scot Kline*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*John F. Evers* and *Kevin E. Brown* of *Langrock Sperry & Wool*, Middlebury, for Defendant-Appellant.

**Gibson, J.** Defendant was convicted by jury of two counts of sexual assault in violation of 13 V.S.A. § 3252(a)(3) and two counts of lewd and lascivious conduct in violation of 13 V.S.A. § 2602. All four counts arose from allegations that defendant had sexually abused his stepdaughter. On appeal, he claims the court erred (1) in denying his motion for acquittal on the two charges of sexual assault because the State failed to prove the requisite sexual act, (2) in denying his motion for a new trial because unfairly prejudicial physical evidence was improperly admitted and three witnesses were improperly permitted to testify, and (3) in denying his motions for mistrial because the State improperly cross-examined defendant concerning uncharged sexual misconduct and the child's mother improperly revealed to the jury that she had obtained a relief-from-abuse order against defendant. We affirm.

I.

Defendant first argues that he is entitled to a judgment of acquittal on both counts of sexual assault because the State failed to produce clear, precise, and explicit evidence of the sexual acts charged. The informations charge defendant with engaging in unlawful sexual conduct with a person under the age of sixteen, consisting of contact between the penis and the vulva. See 13 V.S.A. § 3251(1) (defining sexual act). Defendant relies on *State v. Prime*, 137 Vt. 340, 342, 403 A.2d 270, 271 (1979), in which we held that a judgment of acquittal should have been granted because the "record [did] not establish contact, nor [were] we convinced that the vagueness [was] due to the defendant's underdeveloped vocabulary." *Id.* Defendant contends that, as in *Prime*, the complainant's testimony in the instant case was insufficient to establish the element of contact.

■■ In reviewing a motion for judgment of acquittal, the issue is whether the evidence, viewed in the light most favor-

able to the State, fairly and reasonably tends to show the defendant guilty beyond a reasonable doubt. *State v. French*, 152 Vt. 72, 81–82, 564 A.2d 1058, 1063 (1989). "[G]uilt in a criminal case may be proved by circumstantial evidence alone, if it is proper and sufficient in itself." *State v. Messier*, 146 Vt. 145, 150, 499 A.2d 32, 37 (1985). "Contact" requires "'mere touching, however slight.'" *Id.* (quoting *State v. Bourn*, 139 Vt. 14, 16–17, 421 A.2d 1281, 1282 (1980)). In *Messier*, we upheld a conviction of two counts of sexual assault although there was no direct evidence of the sexual acts charged. A witness recounted that the defendant had undressed the child and partially undressed himself, but the bodies then obscured the witness's observations. We held that, given the relative positions of the bodies, as described by the witness, the State had satisfied its burden. *Id.* at 151, 499 A.2d at 37.

Here, the child was thirteen years old when she testified. She told the jury that defendant took off her clothes and then undressed himself. She stated that he touched her breasts and her vagina with his hands and his penis and that he was lying on top of her. She then testified:

Q: What was he trying to do with his penis?
A: Put it inside me.

. . . .

Q: Do you remember how it felt when he was trying to put his penis inside of you?
A: Hurt.

Regarding the second incident, the child's testimony was similar. This evidence was sufficient for the jury to find the element of contact beyond a reasonable doubt.

## II.

Defendant argues next that he is entitled to a new trial because the trial court improperly admitted several items of physical evidence that unfairly prejudiced him. A motion for a new trial is a matter within the discretion of the trial court, and therefore, the court's ruling will be upheld unless discretion was abused or withheld. *State v. Miller*, 151 Vt. 337, 339, 560 A.2d 376, 377 (1989).

First, defendant claims that the court erred by admitting a love poem containing sexual connotations allegedly written by

444

defendant to the child. The poem was admitted to show that defendant's motive in committing the charged acts was to satisfy his sexual desires for her. At trial, defendant contended that he wrote the poem to the child's mother, although it expressly stated the child's name. The parties disputed whether the poem was written nine months prior to the first act charged, or three months after the last act charged. Defendant also claims that the court improperly admitted a birthday card from defendant to the child and a cassette tape of songs that defendant recorded and gave to the child along with a copy he made of the lyrics. This evidence was also allowed as evidence of defendant's motive in committing the charged act. The parties agree that defendant gave the card, the tape and the lyrics to the child two to three months after the last act charged.

On appeal, defendant maintains that the poem was not probative of his motive because it was too remote in time—nine months prior—or because it was post-incident—three months after. He argues that the card and the tape cannot be relevant to show motive because they were post-incident acts. According to defendant, the physical evidence was irrelevant and unfairly prejudicial and thus admitted in violation of V.R.E. 404(b), 403, and 402.

■ Evidence of other acts by the defendant are not admissible to prove character or that the defendant "acted in conformity therewith." V.R.E. 404(b). Such evidence is admissible, however, for other purposes, such as to prove motive, intent or plan. *Id.* Even where the evidence is offered for a valid purpose, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." V.R.E. 403. The court must exercise discretion in weighing the evidence under V.R.E. 403. *State v. Cardinal*, 155 Vt. 411, 414, 584 A.2d 1152, 1154 (1990).

■ Defendant cites no authority to support his contention that an act committed nine months prior to the incident charged is too remote to be probative of his motive. We have previously upheld the admission of prior acts that occurred over a period of four years to establish a modus operandi, *id.* at 414, 584 A.2d at 1154, but also have concluded that evidence of sexual misconduct that occurred ten and twelve years prior to the act charged

was too remote in time to prove a pattern, plan, or modus operandi. *State v. Hurley*, 150 Vt. 165, 169, 552 A.2d 382, 385 (1988). In the instant case, the State's evidence indicated that defendant wrote the poem in November 1988, and the four incidents allegedly occurred between the summer of 1989 and January 1990. Given the continuing nature of the sexual molestations, we cannot conclude that the court abused its discretion by ruling that the poem was probative of defendant's motive for the charged acts, despite the interval of several months.

■ Defendant provides no authority to support his argument that post-incident acts cannot be probative of his motive in committing the charged acts. We reject his contention that subsequent acts are inadmissible per se. See *United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990) (declining to adopt per se rule that subsequent similar-act evidence lacks relevancy); *United States v. Hurley*, 755 F.2d 788, 790 (11th Cir. 1985) (subsequent acts may be used to show intent under Fed. R. Evid. 404(b)); *State v. Tolman*, 828 P.2d 1304, 1310 (Idaho 1992) (rejecting rule that evidence of subsequent misconduct is per se inadmissible). In the context of this case, the gifts, poems and songs that defendant gave to the child over a period of a year and a half were probative of his motive in committing the charged acts, whether pre- or post-incident. They were properly admitted under V.R.E. 404(b) because they fairly indicated defendant's continuing sexual interest in the child. Moreover, the evidence was relevant and thus met the requirement of V.R.E. 402.

We also conclude that the court did not abuse its discretion by ruling that the physical evidence was admissible under V.R.E. 403. To be excluded under V.R.E. 403, the probative value of the evidence must be substantially outweighed by unfair prejudice. V.R.E. 403; see *State v. Bruyette*, 158 Vt. 21, 30, 604 A.2d 1270, 1274 (1992). "Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies" or to provoke horror or a desire to punish. *Bruyette*, 158 Vt. at 31, 604 A.2d at 1274. We find none of these circumstances in this case. The gifts, poems and songs were not presented to raise the jury's emotions, nor were they likely to incense the jury to punish defendant for acts other than those charged. Cf. *State v. McCarthy*, 156 Vt. 148, 155, 589 A.2d 869, 873 (1991) (grave danger

of prejudice from evidence of other crimes because jury may want to prevent defendant from escaping punishment for those crimes). The physical evidence was probative of defendant's motive and therefore prejudicial to defendant but not unfairly so. *Id.* at 158, 589 A.2d at 875 (evidence must be excluded only if *unfairly* prejudicial to defendant).

## III.

Defendant next argues that the trial court erred in denying his motion for a new trial because it improperly allowed three witnesses to testify. First, defendant objected to the State calling April Wescott as a witness in its case-in-chief because the State failed to disclose its intent to call her as a witness until the day of the jury drawing, the day before trial began. The court allowed Ms. Wescott to testify that, during one summer, the complainant had told her that defendant "had tried to do something to her while fishing." On cross-examination, the witness admitted that she could not remember if her conversation with the complainant had occurred in the summer of 1989 or 1990.

■ V.R.Cr.P. 16(a)(1) imposes a duty on the prosecutor to disclose to the "defendant's attorney as soon as possible the names and addresses of all witnesses then known to him." It also requires the prosecution to disclose "within a reasonable time" the witnesses it intends to call at trial. V.R.Cr.P. 16(a)(2)(E). To establish reversible error under V.R.Cr.P. 16, a defendant must show both a violation of the rule and resulting prejudice. See *State v. Sird*, 148 Vt. 35, 39, 528 A.2d 1114, 1116 (1987). Defendant has shown neither, here.

At trial, defendant objected to the State calling Ms. Wescott because of the late disclosure but never alleged prosecutorial misconduct. On appeal, he claims that the substance of Ms. Wescott's testimony was known to the State approximately eighteen months before trial, that he objected to her testifying due to the late disclosure, and that the court allowed her to testify in violation of V.R.Cr.P. 16.

■ The record indicates that, in reviewing the case file on the weekend prior to trial, the State noticed that the child's mother mentioned that the child had spoken to Ms. Wescott about the initial incident. This information was retrieved from

an eight-page handwritten explanation of corrections the mother had made to her deposition transcript, a copy of which had been provided to defense counsel. On the day of the jury drawing, the State told defense counsel that it was considering calling her as a witness but had not spoken to her yet. There is no evidence that the State deliberately withheld the information; nor has defendant alleged that the prosecutor acted in bad faith. Although the State may have been negligent in failing to take note and disclose this witness earlier, the State did make its disclosure prior to the commencement of trial and in time for defendant to depose the witness. We cannot find on this record that defendant has established a violation of V.R.Cr.P. 16.

Defendant has also failed to show prejudice. He argues that Ms. Wescott corroborated the complainant's story regarding the first charge of sexual assault that allegedly occurred while she and defendant were fishing at "Muddy Brook," and undermined the defense theory that the child fabricated all four charges on the day of the last act charged because she was angry that defendant was disciplining her. Defendant maintains that, had the witness been disclosed to him earlier, he would have prepared the defense differently, and could have sought evidence to challenge the witness' credibility.

But defendant was able to depose the witness prior to her testifying, and he demonstrated through cross-examination that she could not remember when the conversation with the complainant took place. Cf. *Sird*, 148 Vt. at 39–40, 528 A.2d at 1116 (prosecutor's failure to disclose did not prevent defense from demonstrating on cross-examination that witness could not remember details of evening in question). He has made no showing that more time would have affected his cross-examination, nor that preparing the defense "differently" would have had any effect on the outcome. See *State v. Howe*, 136 Vt. 53, 67, 386 A.2d 1125, 1133 (1978) (review of record revealed no conclusive showing that more time would have affected cross-examination of witness). Under all of the circumstances herein, we find no abuse of discretion in allowing the witness to testify.

Defendant also argues that the court erred by allowing the State to call Carol Martin as a rebuttal witness for two reasons: (1) the State had never informed defendant that Ms. Martin was a witness, and (2) Ms. Martin's testimony was not proper rebut-

448

tal evidence. In the State's case-in-chief, the child's mother testified that she had discovered the poem defendant wrote to the child in November 1988 and that she called her cousin, Ms. Martin, soon after to discuss it. Defendant then testified that he wrote the poem to the child's mother in March or April 1990. The State called Ms. Martin to testify on rebuttal that the child's mother had called her in the late fall of 1988 and read the poem to her.

Defendant first contends that an undisclosed witness may not testify on rebuttal unless the relevance of the testimony is not apparent until the opposing side has presented its case. Because the State knew of Ms. Martin and the relevance of her testimony prior to presentation of the defense, there was no reason to allow the State to present her as an undisclosed witness on rebuttal. See *Radio Distributing Co. v. National Bank & Trust Co.*, 489 N.E.2d 642, 648 (Ind. Ct. App. 1986) (no abuse of discretion to allow rebuttal through undisclosed witness if "relevance and existence of rebuttal evidence is not known until the other side has presented its case"). We do not address this issue because it was not raised below. See *State v. Gleason*, 154 Vt. 205, 215, 576 A.2d 1246, 1252 (1990).

 Defendant also objected to Ms. Martin testifying on the grounds that her testimony was not proper rebuttal because it did not rebut evidence supporting a claim first raised by defendant. See *State v. Callahan*, 155 Vt. 571, 575, 587 A.2d 970, 973 (1991) (State has right to rebut defendant's evidence in support of claim if claim was first introduced by defendant). "The trial court has wide discretion in matters of trial conduct and evidentiary rulings, including the admission of rebuttal testimony." *State v. Bessette*, 148 Vt. 17, 19, 530 A.2d 549, 550 (1987); cf. *Nelson v. Percy*, 149 Vt. 168, 170, 540 A.2d 1035, 1037 (1987) (no abuse of discretion in excluding evidence offered in rebuttal that was repetitive and had been covered in plaintiff's testimony); *Bessette*, 148 Vt. at 20, 530 A.2d at 550 (no abuse of discretion denying rebuttal witness where testimony was cumulative, was not offered to rebut new evidence, and where there was no indication why it could not have been presented in case-in-chief). Although the mother testified that she discovered the poem in November 1988, defendant testified that he wrote the poem in March 1990. Under these circumstances,

there was no abuse of discretion in allowing Ms. Martin to testify to counter defendant's testimony regarding the time when the poem was written. Cf. *Callahan,* 155 Vt. at 577, 587 A.2d at 974 (no abuse of discretion to admit evidence relevant to rebut theory aggressively advanced by defendant, particularly when it was similar in effect to other evidence received without objection).

Defendant also objected to the expert medical testimony, claiming that the State failed to lay an adequate foundation for the doctor's opinion. Rulings on the adequacy of the foundation of an expert opinion are within the trial court's discretion. *Sharp v. Transportation* Bd., 141 Vt. 480, 486, 451 A.2d 1074, 1076 (1982). The testimony to which defendant objected was a response to a hypothetical question. The foundation for a hypothetical question is sufficient if the facts stated are within the tendency of the evidence. *Vermont Food Industries v. Ralston Purina Co.,* 514 F.2d 456, 463 (2d Cir. 1975). In the instant case, the facts in the hypothetical were in evidence; thus, there was no abuse of discretion in admitting the expert's response.

Defendant also maintains that the expert's testimony was speculative and unreliable because she could not determine with a reasonable degree of certainty that the injuries to the child were caused by penetration by a penis. Defendant misunderstands the purpose of the expert's testimony. The State called Dr. Susan Smith, in part, to render an opinion on whether the injuries to the child's genitalia could have been caused by a fall on the bathtub, as defendant contended, or whether the injury was caused by penetration. The expert was not required to render an opinion on whether the child had been sexually abused or on what was used to penetrate the child. We find no error in the admission of the testimony.

IV.

Defendant contends that the trial court erred by denying his motions for mistrial. The trial court has discretion in ruling on a motion for mistrial, but should not grant the motion unless the moving party establishes prejudice. *State v. Roberts,* 154 Vt. 59, 73, 574 A.2d 1248, 1255 (1990). The court's

ruling will be upheld on appeal "unless the court's discretion was either totally withheld or exercised on grounds clearly untenable or unreasonable." *Id.*

Defendant first argues that the court should have declared a mistrial because the State improperly asked him on cross-examination whether he told the child and her sister that their cousin had been sexually molested so that he could obtain an opportunity to touch them. The State then asked defendant if he denied touching the sister's breasts to show her how the abuse had occurred. Defendant objected to these questions, and the court gave the jury a curative instruction. At a bench conference, the State made an offer of proof, and defendant requested a mistrial on the ground that the State had improperly referred to a prior bad act with another victim. The court took the motion under advisement and later denied it. On appeal, defendant argues that no curative statement could have removed the prejudicial effect of the State's question, which implied defendant had molested another child.

Defendant relies on *State v. McCarthy*, 156 Vt. at 154–55, 589 A.2d at 873, in which we ruled that the admission of "extensive details" of defendant's uncharged sexual misconduct with another child amounted to plain error. In *McCarthy*, the prosecutor cross-examined defendant's character witnesses by questioning them about the details of alleged prior abuse. In cross-examining a character witness, inquiry into specific instances of conduct is permissible, see V.R.E. 405(a), but only to determine whether the witness has heard about the instance, and if so, whether it affected the witness's opinion of the defendant's character. *McCarthy*, 156 Vt. at 153, 589 A.2d at 872. The evidence is admissible only to impeach the testimony of the character witness, not to show that defendant has a disposition to engage in the type of misconduct for which he is on trial. *Id.* We concluded that the court erred in allowing the prosecutor to put details of the abuse before the jury merely to show that defendant had previously engaged in sexual misconduct. *Id.* at 154, 589 A.2d at 873.

■ The instant case is distinguishable from *McCarthy* because (1) the prosecutor did not attempt to elicit extensive details of the incident, (2) the court gave a limiting instruction

immediately upon defendant's objection, and (3) the question was asked in an attempt to impeach defendant's version of the story. We conclude that defendant has not shown prejudice and that the court did not abuse its discretion by denying this motion for mistrial.

Defendant also claims that the trial court erred by denying a motion for mistrial when the child's mother testified that she had obtained a relief-from-abuse order against defendant. On direct examination, the State inquired:

Q. During this time period, did you have any contact with [defendant] while he was in New York?

A. Um, in court—I had a restraining order on him and when we went to court . . . .

Defense counsel objected at this point, and the court gave a curative instruction. Subsequently, defense counsel requested a mistrial on the ground that the prejudicial impact of the testimony could not be cured by an instruction. The court denied the motion.

"When a witness gives an unresponsive answer, the appropriate remedy lies within the discretion of the trial judge." *Roberts*, 154 Vt. at 73, 574 A.2d at 1255. The record shows no intentional wrongdoing by the State, nor any prejudice that was not cured by the court's instruction. *Id.* at 74, 574 A.2d at 1255 (prompt cautionary instruction cured any prejudice resulting from nonresponsive answer). We therefore find no abuse in denying defendant's motion for a mistrial.

*Affirmed.*