PER CURIAM.
We consider Prestello’s two appeals in the same opinion.
I.
First, as the defendant contends and the state agrees, the trial court lost jurisdiction to modify the appellant’s probationary sentence in lower case no. 95-102 months after it was imposed, purportedly to provide that it was to run consecutively to a term of imprisonment to which the defendant was only subsequently sentenced for another crime. Fla.R.Crim.P. 3.800(b); Weaver v. State, 588 So.2d 53 (Fla. 3d DCA 1991). Hence, the order “amending” the probationary term, under review in our case no. 96-45, is vacated so that it shall run instead from the date of its original imposition, December 14, 1995.
II.
Turning to our case no. 96-947, which is an appeal from the conviction for the later offense, we likewise agree with both parties that, because the defendant had previously been adjudicated indigent for costs, the order below requiring him to pay appellate costs was erroneous and must be stricken. § 924.17, Fla. Stat. (1995); Venuto v. State, 615 So.2d 255 (Fla. 3d DCA 1993). The judgment below in lower case no. 95-30059 is otherwise affirmed.
Affirmed in part, vacated in part.